**H. MOLSEN, Sr., et al., Appellants,**

v.

**COMPANIA INDUSTRIAL, etc., Appellee.**

No. 4411.

Court of Civil Appeals of Texas.

Waco.

Sept. 9, 1965.

Hardy, Galindo & Sharpe, Brownsville, for appellants.

Barnes & Elick, McAllen, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment for plaintiff in a suit for money allegedly owed plaintiff by defendants on a written contract for the sale of cotton by plaintiff to defendants.

Plaintiff Compania Industrial Jose de Escondon, S. A. de C. V., a Mexican corporation, sued defendant H. Molsen and Company for $8368.51, allegedly due plaintiff on a written contract whereby plaintiff sold and delivered 309 bales of cotton to defendant at 27.4¢ per pound. Plaintiff alleged that under such contract defendants owed $42,750.13 (less compress charges of $954.81), and that defendant paid $33,426.-71, leaving a balance due of $8368.51, which defendant refuses to pay.

Defendant answered by general denial and alleged, among other things, that plaintiff Compania Industrial Jose de Escondon, S. A. de C. V. (hereafter called plaintiff company) was one and the same with Union

de Credito Agricola y Industrial Jose de Escondon S. A. de C. V., (hereinafter called the Union); and that the Union owed defendant $7500 by virtue of a prior breached cotton contract, and that since the Union and plaintiff company were one and the same, the obligation of the Union was the obligation of the plaintiff company, and defendant properly deducted the $7500 (plus interest and penalties) amounting to $8368.-51, from the amount owed plaintiff on the cotton contract plaintiff sued on. Defendant, by reason of the foregoing, contended it owed plaintiff nothing.

Plaintiff moved for summary judgment, asserting no genuine issue of fact under the pleadings, admissions and depositions, stipulations and affidavit attached to the motion.

The trial court granted plaintiff's motion for summary judgment against defendant for $8368.51 plus interest and attorneys' fees.

Defendant appeals, contending:

The trial court erred in granting plaintiff's motion for summary judgment against defendant because defendant's Third Amended Original Answer raises germane and material issues as to whether the plaintiff company and the Union are one and the same party.

The record on summary judgment contains the written contract to purchase cotton signed by defendant's manager. Defendant's manager admits the execution of the contract in his deposition. The contract provides that "it evidences the entire contract between the parties—and all terms, provisions and conditions relating thereto, and supersedes all prior negotiations, agreements and considerations." Defendant admitted payment of $33,426.71 under the contract, but contends that it is legally entitled

to deduct the $8368.51 owed it by the Union *because the Union and the plaintiff company are one and the same.*

■ The written contract, defendant's admissions, and the deposition of defendant's manager established that plaintiff was entitled to summary judgment, unless defendant countered with affidavits or depositions which raise an issue of material fact. Defendant filed opposition to plaintiff's motion and defendant's attorney verified the matters set forth as "true and correct from information and belief." Such verification does not constitute the matters so verified on affidavit as required by Rule 166–A, and is ineffectual to oppose plaintiff's motion for summary judgment. Spillyards and the Employer's Liability Assur. Corp. v. Ferris Brick Co., Tex.Civ.App., (n. w. h.) 390 S.W.2d 837; Youngstown Sheet & Tube Co. v. Penn, Tex.Sup.Ct., 363 S.W.2d 230; Sparkman v. McWhirter, Tex. Civ.App., Er. Ref., 263 S.W.2d 832; Nagelson v. Fair Park Nat. Bank, Tex.Civ.App., (n. r. e.), 351 S.W.2d 925.

■ But defendants here contend the trial court erred in granting the summary judgment, because its Third Amended Original Answer raised fact issues as to whether plaintiff company and the Union which owed plaintiff, are one and the same party.

■ When facts entitling the moving party to summary judgment have been established, as here, the motion will not be denied, merely because the opposite party has alleged matters in pleadings, which if proved, would require that a different judgment be rendered. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948.

Defendant's point and the contentions thereunder made are overruled.

Affirmed.