James WOMACK et al., Appellants,

v.

I. & H. DEVELOPMENT COMPANY, Inc., Appellees.

No. 7869.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 7, 1968.

Rehearing Denied Nov. 11, 1968.

Wayne Bagley, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Berry and Edward H. Hill, Amarillo, for appellee.

DENTON, Chief Justice.

This is a summary judgment case. I. & H. Development Company brought suit against James Womack and Wayne Whitson on four promissory notes. The defendants answered by general denial and a verified plea of partial payment. The trial court granted plaintiff's motion for summary judgment and the defendants have perfected this appeal.

Appellee filed its unsworn petition alleging the execution and delivery of four promissory notes, each in the principal sum of $1300.00, dated September 8, September 25, October 7 and December 7, 1964, respectively. Each note was due ninety (90) days after date. An unsworn reproduced copy of each note was attached to the petition. Appellee alleged it was the present owner and holder of each note; that the sum of $1831.27 had been paid on the note; and alleged that demand for the balance had been made and that appellants had failed to pay. Attorneys' fees as provided for by the notes were also alleged. Appellants answered by sworn pleadings, acknowledging the notes described in appellee's petition were executed by the appellants "for the consideration and on the dates alleged", but alleged certain payments had been made on said notes and sought credits in the amount of $4631.17.

Appellee subsequently filed its unsworn motion for summary judgment. The motion recited the nature of its cause of action and referred to the attachment of copies of the notes to its amended petition. The motion was supported by an affidavit by Joye S. Hipes, President of the appellee corporation. The affiant stated he was personally familiar with the facts and circumstances surrounding the execution and delivery of the four notes attached to the petition and the facts concerning the application of credits on the notes and that the credits alleged in its amended petition constituted all credits which the appellants were entitled. The affiant specifically denied certain credits alleged in appellants' sworn answer. Appellants filed no reply in opposition to appellee's motion for summary judgment or the attached Hipes affidavit.

Appellants urge the trial court erred in granting the motion for summary judgment for four reasons: appellee did not introduce the notes in evidence; there was no proof appellee was the owner and holder of the notes sued upon; the pleadings and evidence do not show the notes are due; there were circumstances and evidence tending to discredit the affidavit of Hipes, an interested witness.

■ The contention is made no proof of the notes was made because neither the originals or certified copies were attached to the pleadings or the motion for summary judgment. In support of this contention, appellants rely on Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274. However, in *Gardner* no copy of the material instrument was in the record. Thus, there was nothing in the record that would enable the appellate court to determine whether the motion was properly granted. In the instant case, reproduced copies of the notes were attached to the amended petition. The amended petition, motion for summary judgment, and Hipes' affidavit referred to and incorporated the copies of the notes by reference. The contents of the notes are in the record. There was no exception in the trial court relating to the failure to attach

the original or certified copies of the notes in question. Where unverified or uncertified copies are attached to pleadings or a motion for summary judgment and no exception is taken, the party thereby waives the requirement under Rule 166A(e) and the copies are a sufficient basis to grant a motion for summary judgment when it fairly appears there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. Youngstown Sheet & Tube Company v. Penn, 363 S.W.2d 230 (Sup.Ct.). Farmers & Merchants Compress & Warehouse Company v. City of Dallas (Tex.Civ.App.) 335 S.W.2d 854, 856 (Ref. N.R.E.). Schoolcraft v. Channel Construction Company (Tex.Civ.App.) 397 S.W.2d 256 (Ref. N.R.E.). It is further noted appellants admitted the execution of the notes in their sworn answer. Such allegation constitutes a judicial admission and is construed against appellants. Yelverton v. Brown (Tex.Civ.App.) 412 S.W.2d 325. McCormick v. Stowe Lumber Company (Tex.Civ.App.) 356 S.W.2d 450 (Ref. N.R.E.). We therefore conclude the notes were properly in evidence before the court.

■ Appellee's first amended petition alleged it "is the present owner and holder of each of the aforesaid notes". The affidavit of Hipes made reference to the four described notes and reaffirmed that certain enumerated credits had been applied to the notes. Appellants' answer admitted execution of the notes and alleged they had made certain payments to appellee and had received credits for the same. Appellants did not deny liability to appellee, but prayed they be allowed credit on the principal of the notes as they had alleged. Appellee's pleadings and motion alleged the notes were past due. The Hipes affidavit reaffirmed all credits to appellants on said notes had been applied as alleged in their amended petition. These allegations, together with appellants' admission of execution and claim of credits are uncontradicted evidence the notes were past due. This conclusion is strengthened by the ab-

sence of an affidavit in opposition to the motion for summary judgment. Appellants' pleadings are insufficient to raise fact issues. The pleaded defense must be shown by summary judgment evidence such as depositions, admissions or affidavits. Cinbar Engineering Company v. Delta Leasing Investment Corporation (Tex.Civ.App.) 404 S.W.2d 626 (Ref. N.R.E.). Molsen v. Compania Industrial (Tex.Civ.App.) 394 S.W.2d 271. The notes, being properly before the court, show on their face they were past due at the time of the filing of this suit. Appellants' first three points of error are without merit.

Appellants next challenge the sufficiency of the Hipes affidavit. The contention is made the affidavit, made by an interested party, contained hearsay statements and does not support the summary judgment. Hipes, the President of the appellee corporation, stated in his affidavit:

"I am personally familiar with the facts and circumstances regarding the execution and delivery to I. & H. Development Company, Inc. of each of the four (4) certain promissory notes attached in reproduced form and made a part of Plaintiffs' First Amended Original Petition * * * and with the facts and circumstances regarding each and every credit applicable to the partial satisfaction of said notes * * *".

■ An uncorroborated affidavit of an interested party or witness will support a summary judgment in the absence of a controverting affidavit, or an attempt by an opposing party to secure a delay in order to secure affidavits or depositions to controvert the facts stated by the interested witness or party in his affidavit. Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Sup.Ct.). Fowler v. Texas Employers Insurance Association (Tex.Civ.App.) 237 S.

W.2d 373 (Error Ref.). Appellants' "controverting affidavit" attached to its motion for new trial came too late, and cannot be considered in opposition to the summary judgment evidence at the time the trial court considered the motion. Oaxaca v. Lowman (Tex.Civ.App.) 297 S.W.2d 729, (Ref. N.R.E.) McCormick v. Stowe Lumber Company (Tex.Civ.App.) 356 S.W. 2d 450 (Ref. N.R.E.). In considering a motion for summary judgment, the court may only consider the record as it existed at the time of the hearing. Dipp v. Rio Grande Produce, Inc. (Tex.Civ.App.) 330 S.W.2d 700 (Ref. N.R.E.).

■ Subsequent to the filing of appellee's motion for summary judgment and prior to the date set for the hearing thereon, appellee filed a motion for continuance of the trial on the merits because of the absence of a material witness, the secretary-treasurer of the appellee corporation. The allegation was made this company official was familiar with the credit transactions with appellants. Appellants argue this motion tends to discredit Hipes' statement that he had personal knowledge of the transactions with appellants. We do not agree. Hipes, as President of the corporation, was in a position to be personally familiar with the transactions. His clear and positive statements in his affidavit related to the material facts of the case and would be admissible upon a trial on the merits. This first application for a continuance does not serve to discredit or impeach the clear and positive material statements in the Hipes affidavit. Appellants did not avail themselves of the means and opportunity to timely disprove the truth of such statements. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Sup.Ct.).

The judgment of the trial court is affirmed.