**Alvin S. WEXLER, Appellant,**

v.

**GIBRALTAR SAVINGS ASSOCIATION,**
**Appellee.**

**No. 222.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 5, 1969.

Jack C. Blakley, James G. Cowen, Houston, for appellant.

Charles E. Williams, Houston, for appellee.

SAM D. JOHNSON, Justice.

This was an action on a note and guaranty agreement wherein plaintiff's motion for summary judgment was granted by the trial court. The judgment was in favor of the appellee, Gibraltar Savings Association, against the appellant, Alvin S. Wexler, and was in the sum of $167,038.42, together with interest and attorney's fees.

Appellant brings only one point of error, that being that the trial court erred in granting appellee's motion for summary judgment in that neither the original nor a sworn copy of the note in issue was attached to either appellee's pleadings or motion for summary judgment, and, therefore, his general denial was sufficient to raise an issue of whether the appellee was still the owner and holder of the note sued upon.

On or about July 1, 1964, Primrose Manor, Inc., executed a note in favor of appellee for the sum of $500,000.00. Such note was secured by a deed of trust conveying in trust certain real property in Harris County, Texas. The payment of such note was further secured by the full written guaranty of appellant. Primrose defaulted in the payment of the note and appellee declared the entire balance due and owing. The property standing as security for the note was sold at trustee's sale to the highest and best bidder, who was the appellee.

Cause No. 720,515 (the first suit) was filed against the appellant and W. W. Cordes to recover such deficiency. Thereafter, plaintiff agreed to declare the trustee's sale to be ineffectual and to reinstate the loan so as to return it to its former status. A motion to dismiss such suit against appellant and W. W. Cordes was filed and an order of non-suit with prejudice was entered by the court. Thereafter, no effort to satisfy the unpaid balance then owing to appellee on the note was made by appellant or Primrose.

Appellee once again sold the property at foreclosure sale. This sale resulted in a deficiency of $167,038.42. Cause No. 729,974 (the second suit) was then filed to recover such deficiency and interlocutory judgments of default against W. W. Cordes and Primrose were thereafter entered by the court below.

*Appellant* and W. W. Cordes then filed Cause No. 730,515 (the third suit) which was a separate action against appellee. Appellee's first supplemental answer included an affidavit of Milton W. Cowden.

Three separate actions were then on file involving common questions of law and

fact. Appellee moved to consolidate these suits and the court below entered its order consolidating them. Following the order of consolidation appellee filed its motion for summary judgment which was supported by the affidavits of Milton W. Cowden and Edgar W. Monteith. The litigation between the parties was in this posture when appellee's motion for summary judgment was granted.

A photographically reproduced copy of the note was attached to appellee's original petition in Cause No. 720,974 (the second case). Further, the note was described in detail, referred to and expressly incorporated by reference in appellee's original petition. *Appellant's* original petition in Cause No. 730,515 (the third case) likewise had attached a photographically reproduced copy of the note, and the note was further expressly referred to and incorporated in appellant's original petition.

The affidavit of Milton W. Cowden states, "I have carefully read the allegations set out in Plaintiff's Original Petition in Cause No. 729,974 styled Gibraltar Savings Association vs. Alvin S. Wexler et al and I state that of my own personal knowledge, all of the allegations of fact therein contained are true and correct and I expressly incorporate said Plaintiff's Original Petition in said Cause No. 729,974 and the above First Supplemental Answer herein and adopt the same in this my sworn Affidavit as if set out herein in full." The affidavit of Edgar W. Monteith also states, under oath, that all of the allegations, statements and facts pleaded therein are true and correct and that he expressly adopted same as his sworn affidavit.

■ We are of the opinion that the photographically reproduced copy of the note in issue was verified by the affidavits of Cowden and Monteith in accordance with the requirements of Rule 166-A of the Texas Rules of Civil Procedure.

Moreover, at the time of the hearing on appellee's motion for summary judgment the original of said note was on file with the papers of this cause and so remains at this time. The original note was expressly reviewed and considered by the trial judge in granting appellee's motion for summary judgment.

In support of his contention appellant cites three cases: Alexander v. Houston Oil Field Material Co., Tex.Civ.App., 386 S.W.2d 540; Sidran v. Tanenbaum, Tex. Civ.App., 391 S.W.2d 93; Barney v. Credit 'Plan Corp.,' Tex.Civ.App., 403 S.W.2d 230. In each of these cases neither the petition nor the attached copy of the note was sworn to or supported by affidavit. In each of these cases the motion was not sworn to or was not supported by affidavit or any other extrinsic evidence.

■■ A very recent and strikingly similar case to the one at bar is Womack v. I. & H. Development Co. (Amarillo, Tex. Civ.App.1968), 433 S.W.2d 937, no writ hist. This was likewise a summary judgment case and one in which unsworn reproduced copies of the notes in issue were attached to the petition. The Court there stated, "The contention is made no proof of the notes was made because neither the originals or certified copies were attached to the pleadings or the motion for summary judgment. * * * In the instant case, reproduced copies of the notes were attached to the amended petition. The amended petition, motion for summary judgment, and Hipes' affidavit referred to and incorporated the copies of the notes by reference. The contents of the notes are in the record. There was no exception in the trial court relating to the failure to attach the original or certified copies of the notes in question. Where unverified or uncertified copies are attached to pleadings or a motion for summary judgment and no exception is taken, the party thereby waives the requirement under Rule 166A(e) and the copies are a sufficient basis to grant a motion for summary judgment when it fairly appears there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. Youngs-

town Sheet & Tube Company v. Penn, 363 S.W.2d 230 (Sup.Ct.). Farmers & Merchants Compress & Warehouse Company v. City of Dallas (Tex.Civ.App.) 335 S.W.2d 854, 856 (Ref.N.R.E.). Schoolcraft v. Channel Construction Company (Tex.Civ.App.) 397 S.W.2d 256 (Ref.N.R.E.). It is further noted appellants admitted the execution of the notes in their sworn answer. Such allegation constitutes a judicial admission and is construed against appellants. Yelverton v. Brown (Tex.Civ.App.) 412 S.W.2d 325. McCormick v. Stowe Lumber Company (Tex.Civ.App.) 356 S.W.2d 450 (Ref.N.R.E.). We therefore conclude the notes were properly in evidence before the court. * * * Appellants' answer admitted execution of the notes and alleged they had made certain payments to appellee and had received credits for the same. Appellants did not deny liability to appellee, but prayed they be allowed credit on the principal of the notes as they had alleged. Appellee's pleadings and motion alleged the notes were past due. The Hipes affidavit reaffirmed all credits to appellants on said notes had been applied as alleged in their amended petition. These allegations, together with appellants' admission of execution and claim of credits are uncontradicted evidence the notes were past due."

In the instant case appellee's original petition in Cause No. 729,974 (the second case filed) verified by the above described affidavits, expressly stated that it was acting pursuant to the authority given to the holder of said note by the terms thereof and that all just and lawful credits, offsets and payments had been allowed. In the instant case appellant acknowledged and admitted appellee's ownership of the note sued upon in his original petition in Cause No. 730,515 (the third case filed).

The reasoning of the Amarillo Court of Civil Appeals quoted above is particularly applicable case at bar and is adopted. Appellant's point of error is overruled and the judgment of the trial court is affirmed.