**Bill BRADLEY, Appellant,**

v.

**FIRST NATIONAL BANK OF SUDAN, Appellee.**

No. 8154.

Court of Civil Appeals of Texas, Amarillo.

Aug. 9, 1971.

Rehearing Denied Sept. 7, 1971.

Kirby, Ratliff & Sansom (Jerome W. Kirby), Littlefield, for appellant.

Gowdy & Hall (James A. Gowdy), Littlefield, for appellee.

ELLIS, Chief Justice.

This is an appeal from a summary judgment rendered in favor of First National Bank of Sudan, plaintiff-appellee, against

Bill Bradley, defendant-appellant, on a promissory note. We reverse and remand this cause for trial for the reasons that (1) neither the original nor a sworn or certified copy of the note was before the court and (2) there was no summary judgment proof that plaintiff-appellee was the owner and holder of the note.

Appellee, as payee, filed its unsworn petition seeking recovery against the appellant, as maker, on a promissory note. In such petition reference is made to an attached copy of a note which is neither sworn to nor certified. Appellant's answer consisted of a general denial along with other defensive pleadings, including failure of consideration and fraud in the inducement. Appellee filed a Motion for Summary Judgment together with its affidavit and deposition in support thereof, and the trial court's action in granting such Motion is the basis for this appeal. It is here noted that such supporting affidavit makes no reference to the copy of the note which was attached to appellee's petition. Also, it is observed that such affidavit recites that the note was renewed on November 1, 1969, while the copy of the note attached to the petition is dated August 1, 1969. Thus, the affidavit describes a note the date of which is not in accordance with the date of the only note appearing in the record. Also, it is further observed that the Motion for Summary Judgment describes the note as being due on November 1, 1969, while the petition and copy of the note attached show the due date to be November 11, 1969. These discrepancies or inaccurate references to the copy of the note are not explained or clarified in appellee's pleadings, supporting affidavit or deposition. The original of the note sued upon was not produced during the hearing on the Motion for Summary Judgment.

Rule 166–A(e) of the Texas Rules of Civil Procedure requires, among other matters with respect to Summary Judgment Procedure:

"Supporting and opposing affidavits shall be made on personal knowledge. * * * Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. * * *"

■ Although the deposition of the bank official, Mr. Guy Walden, sets out that the copy of the note attached to the petition is the note sued upon, it is here noted that such "copy" about which he testified is an unsworn and uncertified copy and does not meet the above quoted requirements of Rule 166–A(e), T.R.C.P.

In the case of Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup.1970), the Supreme Court of Texas held that if the original of a negotiable note is not attached and brought before the court, a sworn or certified copy must be attached. In such decision the court stated:

"There is good reason for requiring, as Rule 166–A(e) does, that if the original * * * is not attached and brought before the court, that a sworn or certified copy be attached. If only an unverified copy is attached, the original may be somewhere else in the hands of an innocent holder. * * * Otherwise, the maker may have to pay the same note twice."

It is further pointed out that there is no allegation in appellee's pleadings or statement in the sworn affidavit or deposition that appellant is the owner and holder of the note. Under such circumstances, the defendant's general denial in his Second Amended Petition raises a material fact issue as to whether appellee is the owner and holder of the note. Perkins v. Crittenden, supra; Mitchell v. Geosonic Corporation, 431 S.W.2d 958 (Tex.Civ.App.— Houston (1st District) 1968, no writ); Shahan v. Eakin, 422 S.W.2d 751 (Tex. Civ.App.—Eastland 1967, no writ). We hold, therefore, that such general denial raised a substantial fact issue as to wheth-

er appellee was the owner and holder of the note.

The appellee contends that appellant has waived the above mentioned non-compliance with Rule 166–A(e) by failing to except to the absence of such certified or sworn copy of the note at the hearing in the trial court. We point out that failure to raise the question of non-compliance with Rule 166–A(e) in a summary judgment proceeding in the district court does not automatically preclude the consideration of such matter when raised on appeal in the Court of Civil Appeals. Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.1965). In furtherance of its contention concerning the failure of appellant to except or object in the trial court to appellee's non-compliance with requirements under Rule 166–A(e) with respect to the unsworn and uncertified copy of the note, appellee cites the case of Wexler v. Gibraltar Savings Association, 439 S.W.2d 378 (Tex.Civ.App.—Houston (14th District) 1969, no writ). In this case the court followed the holding of Womack v. I. & H. Development Company, Inc., 433 S.W.2d 937 (Tex.Civ.App.—Amarillo 1968, no writ), wherein it was clearly pointed out that "the amended petition, motion for summary judgment, and * * * affidavit referred to and incorporated the copies of the notes by reference. * * *" Also, in *Womack* the court stated that, in the absence of exception to the uncertified and unverified copies, "the party thereby waives the requirement under Rule 166–A(e) and the copies are sufficient basis to grant a motion for summary judgment *when it fairly appears there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. * * *"* (Emphasis added.) We hold that the instant case is clearly distinguishable in that in the Womack and Wexler cases, no question was raised as to whether the petition, motion for summary judgment and affidavit sufficiently "referred to and incorporated the cop(y) of the notes by reference." In the present case, appellant's only sworn pleading mentions a note with a renewal date which does not appear elsewhere in the record and varies with the date shown on the only copy of a promissory note found in the record. Also, the due dates shown on the face of such note are inconsistent. It is our opinion that the ambiguous and confusing recitations in the various instruments above mentioned do not constitute accurate or sufficient "incorporation by reference." The instant case is further distinguishable from the Womack and Wexler cases because of the existence of a material fact issue by reason of appellee's failure to plead or set out in the sworn affidavit or deposition that it is the owner and holder of the note. Perkins v. Crittenden, supra.

We have carefully considered the status of the pleadings and summary judgment proof in the light of the authorities deemed pertinent to this inquiry. By reason of non-compliance with the requirements of Rule 166–A(e), T.R.C.P., the raising of a material fact issue and absence of the required summary judgment proof as to whether appellee was the owner and holder of the note, we hold that the summary judgment rendered cannot be sustained.

In view of the foregoing, we deem it inappropriate to herein pass upon the remaining questions raised in the briefs submitted.

The judgment of the trial court is reversed and the cause remanded for trial.