George R. ROLAND et al., Appellants,

v.

John W. McCULLOUGH, Jr., et al., Appellees.

No. 15820.

Court of Civil Appeals of Texas, San Antonio.

Jan. 18, 1977.

Rehearing Denied Feb. 15, 1978.

Robert Harms Bliss, Ronald L. Clower, Dallas, for appellants.

Hollon & Marion, Boerne, Joseph W. Burkett, Jr., Kerrville, for appellees.

KLINGEMAN, Justice.

This is an appeal from a summary judgment granting recovery on two promissory notes and for judicial foreclosure of a deed of trust on 200 acres of land. This cause is before us as a consolidated cause from the District Court of Kerr County, Texas. Appellees, John W. McCullough, Jr., Marjorie W. McCullough, Marjorie McCullough Brown, and Sally McCullough Futch, originally sued appellants, George R. Roland and Kirby Albright, on a promissory note in the amount of $5,315.10 in Cause No. 1735. Appellants filed an answer including a plea that they were induced to give the note because of fraudulent representation of appellees as to the access to Interstate 10 to and from such 200-acre tract. Appellants also filed an action in Cause No. 1754 for reformation or recission of the contract of sale. Appellants then filed in Cause No. 1811 a petition for a temporary restraining order and to enjoin foreclosure of the real estate involved. Appellees filed a general denial and a counterclaim for judicial foreclosure of a deed of trust lien and note in the amount of $88,585.08. All suits were consolidated into Cause No. 1735. Appellees filed a motion for summary judgment, and the trial court, on December 13, 1976, granted appellees' motion for summary judgment and decreed that appellees recover on the notes and for foreclosure of the deed of trust lien.

By one point of error appellants assert that the trial court erred in granting appellees' motion for summary judgment because

(a) there is insufficient proof to support a summary judgment in that appellees failed to introduce into evidence either the originals or certified copies of the promissory notes sued upon; (b) material fact questions existed concerning fraud in the inducement and unilateral mistake of fact.

■ In summary judgment cases the question on appeal and in this Court is not whether the summary judgment proof raises fact issues with respect to essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more elements of the plaintiffs' cause of action. The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176 (Tex. 1972); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

The summary judgment evidence here consists of exhibits, affidavits, and testimony had in one of the consolidated causes.[1] The summary judgment recites that the trial court, having considered the pleadings, admissions on file as contained in Cause No. 1811, and affidavits, finds that there is no genuine issue of material fact and that appellees are entitled to a summary judgment as a matter of law.

This controversy arises out of the sale of a tract of 200 acres of land by appellees to appellants. Appellees were the owners of a 200-acre tract situated on IH 10 which adjoined a tract of land owned by one of the appellants (Dr. Roland). The other appellant (Kirby Albright) is a real estate broker and on various occasions bought real estate in connection with Dr. Roland. The record is somewhat unclear as to whether in this case he collected a commission. It is undis-

puted that appellants executed the notes and deed of trust involved, but it is their contention that they were fraudulently induced to give such notes and mortgage because of fraudulent representations by the appellees as to the access to the property from IH 10.

■ We consider first appellants' contention that there is insufficient proof to support the summary judgment in that appellees failed to introduce into evidence either the originals or certified copies of the original notes sued upon. It appears from the record that photocopies of the two notes involved were attached to appellees' pleadings and were also attached to the affidavits supporting the motion for summary judgment. In such affidavits the affiant states that appellees are the owners and holders of such promissory notes, true copies of which are thereto attached; and also that true copies are also attached to plaintiffs' original pleadings, which pleadings and all exhibits attached thereto are incorporated by reference. Appellants do not deny the execution of such notes nor do they contend that the copies were not true copies of such notes. In fact, in their pleadings in the trial court, they acknowledged that they executed such notes and contend that they were fraudulently induced to give such notes because of fraudulent representations made by appellees. No exceptions or objections were made in the trial court relating to the failure to attach the original or certified copies of the notes in question.

In *Womack v. I. & H. Development Co., Inc.*, 433 S.W.2d 937 (Tex.Civ.App.—Amarillo 1968, no writ), the contention was made that no proof of the notes was made because neither the originals or certified copies were attached to the pleadings or the motions for summary judgment. The Court held that the notes were properly in evidence, stating:

1. In 4 McDonald's, Texas Civil Practice § 17.26.11 (1971), in discussing the consideration of evidence other than or supplemental to affidavits in summary judgment proceedings, it is stated: "The court may take into account admissions in whatever form they appear: for example, in exhibits, pleadings, stipulations, evidence on a prior trial of the action or on a

separate trial of an issue or claim in the action, responses (or implied admissions arising from failure to reply) to formal demands under Rule 169, recitations in pre-trial orders, statements under oath in another proceeding, or in trespass to try title actions the abstract of title filed by claimant."

There was no exception in the trial court relating to the failure to attach the original or certified copies of the notes in question. Where unverified or uncertified copies are attached to pleadings or a motion for summary judgment and no exception is taken, the party thereby waives the requirement under Rule 166–A(e) and the copies are a sufficient basis to grant a motion for summary judgment when it fairly appears there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. *Youngstown Sheet & Tube Company v. Penn*, 363 S.W.2d 230 (Sup.Ct.). *Farmers & Merchants Compress & Warehouse Company v. City of Dallas* (Tex.Civ.App.) 335 S.W.2d 854, 856 (Ref.N.R.E.) *Schoolcraft v. Channel Construction Company* (Tex.Civ.App.) 397 S.W.2d 256 (Ref.N.R.E.). It is further noted appellants admitted the execution of the notes in their sworn answer. Such allegation constitutes a judicial admission and is construed against appellants. *Yelverton v. Brown* (Tex.Civ.App.) 412 S.W.2d 325. *McCormick v. Stowe Lumber Company* (Tex.Civ.App.) 356 S.W.2d 450 (Ref.N.R.E.). We therefore conclude the notes were properly in evidence before the court.

In *Broaddus v. Town North Nat'l Bank*, 558 S.W.2d 909 (Tex.Civ.App.1977), the Court held that when a photocopy of a promissory note is attached to an affidavit, which affidavit swears that the attached note is a true and correct copy of original note, the note becomes a sworn exhibit, and is in full compliance with Rule 166–A(e), Tex.R.Civ.P. *See also International Shelters, Inc. v. Corpus Christi State National Bank*, 475 S.W.2d 334 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Wexler v. Gibraltar Savings Ass'n*, 439 S.W.2d 379 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

We have concluded that the notes were properly in evidence before the Court and are in compliance with the provisions of Rule 166–A(e).

We consider next appellants' contention that the trial court erred in granting appellees' motion for summary judgment because material fact questions existed concerning fraud in the inducement and unilateral mistake of fact. Rule 166–A(c) provides that a summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavit, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

■ To establish actionable fraud it must appear that: (1) a material representation was made; (2) it was false; (3) when the representation was made the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it should be acted upon by the party; (5) the party acted in reliance upon the representation; and (6) the party thereby suffered injury. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183 (Tex.1977); *Oilwell Division, United States Steel Corp. v. Fryer*, 493 S.W.2d 487 (Tex.1973); *McCall v. Trucks of Texas, Inc.*, 535 S.W.2d 791 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.); *Brady v. Johnson*, 512 S.W.2d 359 (Tex.Civ.App.—Austin 1974, no writ); *Panhandle & Santa Fe Ry. Co. v. O'Neal*, 119 S.W.2d 1077 (Tex.Civ.App.—Eastland 1938, writ ref'd); *Wilson v. Jones*, 45 S.W.2d 572 (Tex.Com.App.1932, *holding approved*). Each of these elements must be established and the absence of any one of them will prevent a recovery.

We have concluded that the record shows that as a matter of law there is no material fact issue as to elements 1, 2, and 3, heretofore set forth.

Appellants' basic contentions are as follows: (a) although appellees never told them that there was access to IH 10 from such property, they did not tell them that access had been denied; (b) a map of the 200 acres was furnished to them by appellees, and it could be reasonably inferred therefrom that there was access to such

property; (c) at the time they originally inspected the property, while IH 10 was still under construction, they entered such property from IH 10.

Appellants concede that appellees never specifically said that the property had access to Interstate Highway 10, and one of the appellants (Albright) testified that when he inspected the property he was told by appellee McCullough, that the only way to enter the property was through Dr. Roland's property. He also testified that at the time that he and Dr. Roland purchased the property he knew there was no service road to IH 10.

Appellants rely heavily on a plat of the 200-acre tract furnished to them by appellees, and Albright testified that he concluded from the plat that it would appear there would be a probability of future access to the service road; that although McCullough did not tell him that he could go from the 200 acres to IH 10, by inference he was telling him he could. He testified that the plat given to him did not show non-access to IH 10, but also that the plat did not show a frontage road on the 200 acres.

Dr. Roland's testimony indicated that in 1972 he bought the 600 acres which adjoins the 200 acres and that he was informed thereafter by Albright that he might be interested in buying the 200-acre tract. He testified that he relies heavily on Albright in his realty transactions; that Albright recommended the purchase of the 200-acre tract and that is why he bought it; and that any time Albright recommends property he buys it if he has the money at such time. Dr. Roland does not remember whether McCullough ever represented to him that there was highway frontage, and Dr. Roland stated he was relying on the fact that when they looked at the property nothing was said about lack of access to it from IH 10. He stated that it did not seem strange to him that none of the plats showed a frontage road.

John McCullough, one of the appellees, said that the reason they wanted to sell the 200 acres was that the highway had cut it off from the rest of the 1,400-acre ranch of which it was a part and that at one time he had contacted appellants to see if he could get an easement to the 200 acres through the 600-acre tract owned by Dr. Roland. He stated that when he talked to Albright about selling the property here involved he told him that "we have no access, and the only reason we are going to sell it is because we can't get to it." He stated that Albright told him that Dr. Roland owned the 600-acre tract adjoining it and had access through such property. McCullough testified that when he took appellants to look at the property, which was at the time the road was under construction, they had to go up an incline to get to the property and he told appellants that "we cannot go through this, except now. When the highway is open it will not be available." He testified that when he and appellants went to the property they stayed only a short period of time and that he offered to walk the fence line with them, but they said they were in a hurry and that that was enough.

The map of the 200-acre tract introduced into evidence shows the tract fronting on IH 10, but does not show any access or frontage road.

■ It is evident that appellants' contention as to fraud is premised on alleged concealment or nondisclosure. Their own testimony indicates that appellees never told them that they could get to the highway from the 200-acre tract and that they were told that the only way to enter the property was through Dr. Roland's property. There is no showing of a confidential or fiduciary relationship between the parties, except perhaps between the two appellants, giving rise to a duty to disclose something other than was disclosed.

Both Albright's and Roland's testimony indicates that they had made frequent purchases of real estate and were knowledgeable in this field; that Albright had been in the real estate business for years; that Albright and Roland bought property together on numerous occasions; and that Roland relied heavily on Albright's recommendations.

Albright testified that he owned other land abutting on interstate highways; that the title company that issued the policy for the tract here involved never indicated to Albright that they had access to IH 10, and that he never asked if there was such access; that the plat given him did not depict a frontage road on the 200 acres; that at the time that he looked at the property, McCullough told him that the only way to get to the 200 acres was through the 600 acres owned by Dr. Roland. Dr. Roland's testimony indicates clearly that he was relying upon Albright and not upon any representations made by appellees.

Our Supreme Court, In *Thigpen v. Locke*, 363 S.W.2d 247 (Tex.1962), said:

As to the contention that there was some evidence on the second theory of actual fraud, petitioner had interposed the rule that a party to an arms-length transaction is charged with the obligation of reading what he signs and, failing that, may not thereafter, without a showing of trickery or artifice, avoid the instrument on the ground that he did not know what he was signing. [Citation omitted] This rule is but a narrower application of the principle that the party claiming fraud has a duty to use reasonable diligence in protecting his own affairs. 'In an arm's-length transaction the defrauded party must exercise ordinary care for the protection of his own interests and is charged with knowledge of all facts which would have been discovered by a reasonably prudent person similarly situated. And a failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party.' *Courseview, Inc. v. Phillips Petroleum Co.*, 158 Tex. 397, 312 S.W.2d 197.[2]

*Richman Trusts v. Kutner*, 504 S.W.2d 539 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.), was a summary judgment proceeding by a purchaser against a seller on the basis of fraud. In upholding the summary judgment the Court said:

Appellants' second and fifth points of error present the question of an alleged duty on the part of Kutner to disclose to appellants certain facts about present and future insurance coverages, as opposed to the alleged duty of appellants to investigate these facts prior to the consummation of the sale. These material facts concern the policy coverage limitations, expiration date, and replacement cost. From this record we have concluded that there was no legal duty upon appellee Kutner to come forward and voluntarily disclose these facts. Under the circumstances here presented the duty would be upon appellants to make inquiry and discover such information if it was considered necessary to sustain the investment decision made by them.

In *Moore & Moore Drilling Co. v. White*, 345 S.W.2d 550 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.), we reviewed certain fundamental characteristics of actionable fraud, especially dealing with the question of concealment or failure to disclose facts. As we pointed out there the complaining party must not have failed to exercise reasonable care to discover material matters equally available to him. In other words, in a 'caveat emptor' situation he must not have shut his eyes and ears to matters equally open and available to him upon reasonable inquiry and investigation.

While it is true that Kutner failed to disclose the expiration date of the insurance policy and the future cost of replacing the insurance coverage, we do not believe that there was any duty upon him to do so.

---

2. " 'When, therefore, the parties are dealing at arm's length, there being no confidential relationship, mere silence is not fraud, either actual or constructive.' 20a Tex.Jur. § 38, p. 70. The suppression of information could only be fraud where he knows that the other party is ignorant of such facts and that the other party has not equal opportunity of discovering the truth." *Moore & Moore Drilling Company v. White*, 345 S.W.2d 550 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.).

There is no merit to appellants' contention that there was a unilateral mistake of fact which would entitle them to relief. In order to be entitled to equitable relief on the grounds of unilateral mistake, plaintiffs must show: (1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake must have been made regardless of the exercise of ordinary care; (4) the parties can be placed in status quo in the equity sense; i. e., recission must not result in prejudice to the other party except for the loss of his bargain. *James T. Taylor and Son, Inc. v. Arlington Ind. School District*, 160 Tex. 617, 335 S.W.2d 371 (1960); *May v. San Antonio & A.P. Town-Site Co.*, 83 Tex. 502, 18 S.W. 959 (1892); *Fonseca v. County of Hidalgo*, 527 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). A contract may not be avoided on the ground of mistake of fact where it appears that ignorance of the facts was the result of carelessness, indifference, or inattention. Moreover, here there is no fraud, either express or implied, which induced the mistake, if any, on the part of appellants and appellees are not responsible for any such alleged mistake.

We have concluded that under the record here, as a matter of law, appellants failed to establish any actionable fraud in that: (1) there is no fact issue as to the following elements of appellants' action for fraud: (a) a material representation was made, (b) it was false; (c) when the representation was made the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion; (2) there was no duty arising out of the relationship of the parties requiring appellees to disclose or reveal anything more than the record shows they revealed; (3) appellants did not establish any unilateral mistake that would entitle them to any relief.

Under the record, appellees were entitled to a summary judgment as a matter of law, and the trial court properly granted the summary judgment. The judgment is affirmed.