TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00255-CV






James David Boland and Diane Thompson Boland, Appellants



v.



Mundaca Investment Corporation, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY,


NO. 93CV-353, HONORABLE FRED CLARK, JUDGE PRESIDING 






 This appeal arises from a deficiency judgment against appellants James David Boland and
Diane Thompson Boland ("Bolands") in favor of appellee Mundaca Investment Corporation ("Mundaca"). 
On appeal, the Bolands challenge the trial court's conclusion that they did not establish their affirmative
defenses of accord and satisfaction and release. We will reverse the trial court's deficiency judgment and
render a take-nothing judgment.


BACKGROUND

 On February 24, 1988, the Bolands executed a promissory note in favor of San Antonio
Savings Association for $100,800 to purchase thirty-five acres of property in Comal County, Texas. The
property served as collateral for the loan. The promissory note was then sold to Mundaca on April 22,
1992. After the Bolands missed several loan payments, Mundaca foreclosed on the collateral and sold the
Bolands' property for $44,101. 

 On December 1, 1992, Mundaca's attorneys sent a letter to the Bolands which stated in
relevant part:


This firm has been retained by Mundaca Investment Corporation to collect the above-referenced past due debt and any information obtained will be used for that purpose. As
you know, you signed a promissory note, promising to pay San Antonio Savings
Association, $100,800.00. After the real property securing this note was sold at a
foreclosure sale, the amount of $13,394.46 remains unpaid.


Demand is hereby made upon you for the total amount due and payable.



Moreover, attached to the letter was a signed notice stating:



After the net proceeds were acquired from the foreclosure sale held on September 1,
1992, the amount of remaining debt is $13,894.46, on the promissory note dated February
24, 1988. The amount bid at the foreclosure sale was $44,101.00 which was deducted
from the total indebtedness. The total indebtedness includes the principle [sic] balance,
interest accrued, late charges and other expenses incurred.



 On December 10, 1992, the Bolands responded with a check payable to Mundaca in the
amount of $13,894.46, and a letter stating:


I am enclosing herewith my check in the amount of $13,894.46 which is the deficiency due
per your letter of December 1, 1992. This check is tendered to you in full settlement of
any and all claims of any nature against James David Boland and/or Diane Thompson
Boland. 



Additionally, the following statement was typed in all capital letters on the front of the check:



VOID AFTER THIRTY (30) DAYS FROM THE DATE HEREOF

. . .

PAYMENT IN FULL, ALL CLAIMS VS. JAMES DAVID BOLAND AND DIANE
THOMPSON BOLAND



Finally, typed in the endorsement section on the back of the check was this statement:



IN FULL SETTLEMENT OF ANY AND ALL CLAIMS OF ANY NATURE
AGAINST JAMES DAVID BOLAND AND DIANE THOMPSON BOLAND.



 The check and letter were received by Mundaca's attorneys, who endorsed the check and
forwarded it to Mundaca. Mundaca further endorsed the check and deposited it in its account. After a
significant amount of time had passed, Mundaca realized that the monetary amount their lawyers had asked
for and received was considerably less than the Bolands actually owed. (1) No explanation was, or ever has
been, offered suggesting why Mundaca's attorneys believed the $13,894.46 amount was correct. 
Mundaca attempted to ameliorate this error by refunding the Bolands their $13,894.46, and demanding
that they pay the actual remaining amount on the promissory note, which Mundaca contends is well over
$40,000.00. (2) The Bolands refused to accept the refund or make any further payments.

 Subsequently, Mundaca filed a deficiency action in the County Court at Law of Comal
County. The Bolands pled as affirmative defenses accord and satisfaction and release. The trial court
expressly rejected the Bolands' affirmative defenses on the basis of unilateral mistake. The trial court then
granted a deficiency judgment for Mundaca. The Bolands appeal.


DISCUSSION

 In their first four points of error, the Bolands assert that the trial court erroneously failed
to find that they established their affirmative defenses of accord and satisfaction and release as a matter of
law.

 To prevail on a defense of accord and satisfaction, a party must prove the existence of a
new contract, express or implied, whereby the parties agree to discharge the existing obligation by payment
of a lesser amount. See Industrial Life Ins. Co. v. Finley, 382 S.W.2d 100, 104 (Tex. 1964). Because
the instant case is so strikingly similar to Industrial Life, we believe it is clear that the Bolands conclusively
established their defense of accord and satisfaction.

 In Industrial Life, a former employee sued his former company for past commission
payments due to him. Id. at 102-03. The company sent him a letter and a check, both of which contained
clear statements regarding the finality of payment. The letter stated:


 . . . I am enclosing herewith our check in the amount of $184.52 which is full and final
settlement for the contingent commission due under our contract . . .



The check had similar language on its face. The court determined that the company's letter and check
"were a clear and unequivocal offer of an accord." Id. at 106. The court further determined that the act
of the former employee in accepting and depositing the check, with full knowledge of the notations on its
face, constituted acceptance of that accord.

 In the instant case, the Bolands' December 10 letter is almost a verbatim recitation of the
language found in Industrial Life. Furthermore, while Industrial Life's check had finality language
appearing only on its face, the Bolands' check included such language on both the face of the check and
in the endorsement section on the check's opposite side. This is clear and unequivocal evidence of an
accord. When Mundaca's attorneys endorsed this check as final payment and forwarded it to Mundaca,
who subsequently endorsed and deposited it, the acceptance of the offer was complete, and an accord and
satisfaction was established as a matter of law.

 However, even assuming that accord and satisfaction had not been accomplished, the
Bolands assert that the trial court erred by not finding they conclusively established their affirmative defense
of release. Release refers to a conclusive acknowledgment of satisfaction by one to whom an obligation
is owed. Priem v. Shires, 697 S.W.2d 860, 863 n.3 (Tex. App.-- Austin 1985, no writ). Here, the
Bolands conclusively proved that they offered Mundaca a check for the amount of $13,894.46 as full and
final payment of their obligation owed. Mundaca's acts of authorizing and depositing a check inscribed
with such unambiguous language constituted an acknowledgment that this payment released any further
obligations.

 Mundaca's only defense to accord and satisfaction and release is to avoid these defenses
on the grounds of unilateral mistake. See Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990) (because
release is contractual, it is subject to avoidance on grounds of mistake); Neeley v. Southwestern Inv. Co.,
430 S.W.2d 465, 468 (Tex. 1968) (accord and satisfaction contract may be avoided by defense of
mistake). To prove unilateral mistake, Mundaca must show that (1) the mistake is of so great a
consequence that enforcement of the contract as made would be unconscionable; (2) the mistake relates
to a material feature of the contract; (3) the mistake was made regardless of the exercise of ordinary
care; and (4) the parties can be placed in status quo in the equity sense. See James T. Taylor & Son, Inc.
v. Arlington Indep. Sch. Dist., 335 S.W.2d 371, 373 (Tex. 1960). Irrespective of the factual or legal
sufficiency of the evidence applicable to the other elements, Mundaca cannot prove that its mistake was
made despite the use of ordinary care.

 First, there is no evidence in the record explaining why Mundaca or its attorneys thought
the $13,894.46 figure was correct. Further, there is no evidence showing that Mundaca researched the
loan in question when faced with the conspicuous language typewritten on both sides of the check settling
all claims against the Bolands. Finally, Mundaca did not explain why it took such a significant amount of
time to discover its error. We hold under these circumstances that such careless investigation is negligence
as a matter of law. See Roland v. McCullough, 561 S.W.2d 207, 213 (Tex. Civ. App.--San Antonio
1977, writ ref'd n.r.e.) (contract may not be avoided on ground of mistake of fact where it appears that
ignorance of facts was result of carelessness, indifference, or inattention). Therefore, because Mundaca
cannot show unilateral mistake to avoid its contractual obligations under the defenses of accord and
satisfaction and release, we conclude that the trial court erred in failing to find that the Bolands conclusively
established these defenses. We sustain points of error one through four. We reverse the judgment in favor
of Mundaca and render judgment that Mundaca take nothing.

 Having sustained the Bolands' first four points of error and rendered a take-nothing
judgment, we need not address their remaining points of error requesting a reduction of the deficiency
judgment.



 

 Mack Kidd, Justice

Before Justices Aboussie, Jones and Kidd 

Reversed and Rendered

Filed: March 5, 1998

Publish

1.   There is no direct evidence in the record indicating exactly how much time elapsed before Mundaca
realized its mistake. However, when the Bolands' counsel asked Mundaca's president Raymond Cutler
whether it was over two months from when Mundaca had deposited the check, Cutler testified that he was
unsure of the exact time frame. Cutler did admit that some time elapsed while Mundaca corresponded
with its counsel to determine how to proceed. The record contains no other evidence or testimony
regarding this issue.
2.   Interestingly, Mundaca has never been able to tell this Court the exact amount it claims the Bolands
owe. Different amounts are reflected in the trial-court judgment, Mundaca's brief on appeal, and
statements at oral argument.


language on both the face of the check and
in the endorsement section on the check's opposite side. This is clear and unequivocal evidence of an
accord. When Mundaca's attorneys endorsed this check as final payment and forwarded it to Mundaca,
who subsequently endorsed and deposited it, the acceptance of the offer was complete, and an accord and
satisfaction was established as a matter of law.

 However, even assuming that accord and satisfaction had not been accomplished, the
Bolands assert that the trial court erred by not finding they conclusively established their affirmative defense
of release. Release refers to a conclusive acknowledgment of satisfaction by one to whom an obligation
is owed. Priem v. Shires, 697 S.W.2d 860, 863 n.3 (Tex. App.-- Austin 1985, no writ). Here, the
Bolands conclusively proved that they offered Mundaca a check for the amount of $13,894.46 as full and
final payment of their obligation owed. Mundaca's acts of authorizing and depositing a check inscribed
with such unambiguous language constituted an acknowledgment that this payment released any further
obligations.

 Mundaca's only defense to accord and satisfaction and release is to avoid these defenses
on the grounds of unilateral mistake. See Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990) (because
release is contractual, it is subject to avoidance on grounds of mistake); Neeley v. Southwestern Inv. Co.,
430 S.W.2d 465, 468 (Tex. 1968) (accord and satisfaction contract may be avoided by defense of
mistake). To prove unilateral mistake, Mundaca must show that (1) the mistake is of so great a
consequence that enforcement of the contract as made would be unconscionable; (2) the mistake relates
to a material feature of the contract; (3) the mistake w