OPINION


No. 04-01-00416-CV



LAREDO MEDICAL GROUP,

Appellant

v.

Oscar N. LIGHTNER, M.D.,

Appellee


From the 111th Judicial District Court, Webb County, Texas

Trial Court No. 1999-CVQ-00676-D2

Honorable Ron Carr, Judge Presiding


On Motion for Reconsideration En Banc


Opinion by: Paul W. Green, Justice

Concurring and dissenting opinion by: Catherine Stone, Justice, joined by Alma L. López,
Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 

Delivered and Filed: September15, 2004


REVERSED AND RENDERED IN PART, REVERSED AND REMANDED IN PART


 Laredo Medical Group's Motion for Partial Rehearing En Banc is granted. See Tex.
R. App. 49.7. Accordingly, we withdraw the panel's opinion and judgment and substitute the
following.

* * *

 This case involves a salary dispute between Laredo Medical Group ("LMG") and its
employee, Dr. Oscar Lightner. Lightner claims his employment agreement with LMG created
a duty of good faith and fair dealing between the parties that LMG breached. He also claims
he was not bound by the agreement's covenant not to compete. We disagree and reverse the
trial court's judgment.

Background


 In October 1995, Lightner sold his medical practice to LMG and became one of its
employees. Under Lightner's employment agreement, LMG guaranteed Lightner's income
for the first three years of his employment, but after that time Lightner's income would be
based on a percentage of the total revenue LMG collected from his practice. The agreement
also included a non-compete provision. During the course of Lightner's employment, LMG
did not collect all of his accounts receivable. Lightner claimed this resulted in an income
shortfall of approximately one-half million dollars over the four-year term of his
employment.

 In June 1999, Lightner filed suit against LMG claiming LMG breached its duty of
good faith and fair dealing by failing to adequately collect his accounts receivable. Four
months later, Lightner resigned from his position at LMG. LMG filed a counterclaim against
Lightner seeking to enforce the non-compete provision in Lightner's employment agreement
and to recover damages.

 Based on jury findings that LMG maliciously breached its duty of good faith and fair
dealing to Lightner, (1) the trial court rendered judgment for Lightner for actual and punitive
damages. Lightner's claim for attorney's fees was denied. The court further ordered that
LMG take nothing on its counterclaim.

 LMG challenges the jury's findings claiming: (1) it owed no duty of good faith and
fair dealing; (2) there is insufficient evidence that any duty of good faith and fair dealing was
breached; (3) there is insufficient evidence to support the award of actual or punitive
damages; (4) there is insufficient evidence to prove it acted with malice; (5) the amount of
post-judgment interest should be reduced; and (6) there is no evidence to support the jury's
finding regarding the covenant not to compete.

Duty of Good Faith & Fair Dealing


 Texas does not recognize a cause of action for breach of a duty of good faith and fair
dealing in the context of an employer/employee relationship. See City of Midland v.
O'Bryant, 18 S.W.3d 209, 216 (Tex. 2000). No distinction is made for employment governed
by an express agreement. Id. However, Lightner claims LMG nevertheless owed him a duty
of good faith and fair dealing because the power of attorney provisions within the parties'
employment and asset-purchase agreements created an agency relationship. See Crim Truck
& Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d 591, 593-94 (Tex.1992)
(recognizing principal-agent relationship gives rise to fiduciary duty encompassing duty of
good faith and fair dealing). It is essential to an agency relationship, however, that the
principal have the right to "assign the agent's task and to control the means and details of the
process by which the agent will accomplish the task." Walker v. Fed. Kemper Life Assurance
Co., 828 S.W.2d 442, 452 (Tex. App.-San Antonio 1992, writ denied). Thus, even if a
person acts for and on behalf of another, if he is not under the other person's control, an
agency relationship does not exist. Id. The agreements between the parties contain provisions
that make LMG Lightner's attorney-in-fact for the collection of fees. Although the
appointment of an attorney-in-fact ordinarily creates an agency relationship, there is no
agency relationship here because there is no evidence LMG was under Lightner's control.
See Walker, 828 S.W.2d at 452.

 Lightner also argues LMG owed him a duty of good faith and fair dealing because he
trusted LMG with his property interest in his accounts receivable, citing Manges v. Guerra,
673 S.W.2d 180 (Tex. 1984). We find Lightner's argument unpersuasive for two reasons.
First, the Manges court recognized that a holder of executive rights to a mineral estate owes
a fiduciary duty to the non-executive interest. Manges, 673 S.W.2d at 183. This case is not
comparable to that situation. Second, Lightner's argument is based on the premise that the
fees generated by his work belonged to him. This is simply not true. The parties'
employment agreement specifically provides that "all fees and other revenues attributable to
[Lightner's] services . . . belong to [LMG]." 

 Finally, Lightner argues that a "special relationship," implicating a duty of good faith
and fair dealing, existed between the parties by virtue of an imbalance of bargaining power.
A "special relationship" has been recognized where there is unequal bargaining power
between the parties and a risk exists that one of the parties may take advantage of the other
based upon the imbalance of power, e.g., insurer-insured. See Arnold v. Nat'l County Mut.
Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987). But the supreme court has ruled that the
elements which make a relationship special are absent in the relationship between an
employer and an employee. See City of Midland v. O'Bryant, 18 S.W.3d at 215.

 We hold that LMG owed no duty of good faith and fair dealing to Lightner.

Covenant Not To Compete


 The employment contract that Lightner actually signed failed to include a page that
contained provisions addressing the restrictions placed on Lightner by his non-compete
agreement with LMG. (2) An earlier unsigned draft of the document that included the omitted
provisions was reviewed by Lightner's attorney. When the final document was prepared for
signatures, one of the pages was included twice and an apparent gap in the text from one of
the pages to the next indicated a skipped page. Even so, all the pages were numbered
consecutively. LMG claims the page was omitted from the final document by an inadvertent
mistake, that Lightner knew of the non-compete agreement and its terms, and that he even
accepted $100,000 in exchange for it. (3) Accordingly, LMG says either Lightner is bound by
the non-compete agreement, or in the alternative it is entitled to the return of its $100,000.

 The jury found the omission of the page was not a mutual mistake, and the trial court
thereupon refused to enforce the non-compete agreement. LMG challenges this jury finding
claiming that mutual mistake was established as a matter of law and that the finding should
be disregarded.

 We see the question as being whether the parties had a mutual understanding and
intent that Lightner was to be bound by a non-compete agreement when he signed the
employment contract with LMG. That question can be resolved in the affirmative simply by
considering Lightner's testimony and by examining the document Lightner actually signed. 

 Lightner testified he was aware his employment agreement included a covenant not
to compete, but he disclaimed any interest in it and denied knowing its terms. He said "It was
not an important issue for me in signing [the agreement]." Moreover, the document Lightner
signed clearly contains a promise not to compete against LMG for two years after
termination. And the agreement expressly acknowledges that he was to be paid $100,000
"[f]or and in consideration of [Lightner's] agreement to the terms and conditions of the
covenant not to compete."

 Lightner says he was "completely unaware" of the omitted provisions, which he says
destroys any mutual understanding and intent that would support an agreement. We disagree.
The evidence conclusively establishes Lightner's intent to be bound by the covenant not to
compete. Lightner's claim not to know all the terms of the covenant does not avoid his
responsibilities under the agreement he made. See Roland v. McCullough, 561 S.W.2d 207,
213 (Tex. Civ. App.-San Antonio 1978, writ ref'd n.r.e.) ("A contract may not be avoided
on the ground of mistake of fact where it appears that ignorance of the facts was the result
of carelessness, indifference, or inattention.").

 "Reformation is a proper remedy when the parties have reached a definite and explicit
agreement, understood in the same sense by both, but, by their mutual or common mistake,
the written contract fails to express this agreement." Champlin Oil & Ref. Co. v. Chastain,
403 S.W.2d 376, 377 (Tex. 1965). Because it is clear the parties had a non-compete
agreement, but it is unclear from the signed document what all the terms of the agreement
were, the matter must be remanded to the trial court to reform the written contract to conform
to the terms of the agreement.


Conclusion


 Because we hold LMG owed Lightner no duty of good faith and fair dealing, we
reverse and render judgment that Lightner take nothing from LMG. We further hold that the
omission of the page from the written employment contract was a mistake that did not
invalidate Lightner's explicit agreement not to compete. Accordingly, the matter is remanded
to the trial court to reform the written contract to conform to the actual agreement of the
parties, and to determine the reasonableness and enforceability of the covenant not to
compete.


 Paul W. Green, Justice

1. Although Lightner pleaded numerous other causes of action, including a claim for breach of contract,
only the duty of good faith and fair dealing cause was submitted to the jury.
2. The omitted language provided: (1) Recognition and acknowledgment that time, effort and expense has
been devoted by LMG to establish its patient base and hiring staff to treat the patients; that the patient base is a
valuable asset of LMG; that Physician is given access to the patient base under the agreement; and that Physician's
solicitation of the patient base outside of the agreement would be highly damaging to LMG. (2) The agreement's
geographical limitation of a twenty-five mile radius. (3) The liquidated damages provision in the event of violation.
(4) Physician's acknowledgment that the restrictions are reasonable in scope and essential to LMG's business
interests. (5) Provision for Physician's voluntary termination of non-compete restrictions upon payment to LMG of
$200,000.
3. The signed agreement included the following non-compete provisions:


ARTICLE VIII


COVENANT NOT TO COMPETE



 A. Covenant Not to Compete. For and in consideration of Physician's agreement to the terms and
conditions of the covenant not to compete and other covenants set forth in this Article VIII, Medical Group shall
pay to the Physician a one-time amount of $100,000, which shall be paid on or before the Commencement Date.
Physician hereby agrees that, for the duration of Physician's employment with Medical Group, and for a period of
two (2) years (twenty-four (24) months) after termination of employment with Medical Group for any reason at any
time, Physician shall not in any manner directly or indirectly:


 1. Disclose or divulge to any other person, partnership, corporation, business organization, firm,
or other entity whatsoever, or use for Physician's own benefit or for the benefit of any other person,
partnership, corporation, business organization, firm, or other entity directly or indirectly in competition
with Medical Group, any knowledge, information, business methods, techniques, or patient lists, letters,
files, records, or other information, of Medical Group other than as may be required by a court with
jurisdiction over Physician and Medical Group.


 2. Solicit, divert, or otherwise interfere with the patients or their immediate family members,
patronage, employees, or agents of Medical.......


.... (omitted provisions)


 E. Waiver of Practice Restriction. The practice restriction in subparagraph 3 of paragraph A of this
Article shall be waived only in the following circumstances:


 1. If Medical Group elects to waive the restriction upon an affirmative recommendation of
not less than seventy-five percent (75%) of the Board, or


 2. If Medical Group elects to terminate Physician's employment for any reason other than
one or more of the reasons listed in subparagraphs 1 through 6 paragraph A of Article
VII.