**M. Jack TABOR, Trustee, et al., Appellants,**

**v.**

**MEDICAL CENTER BANK, Appellee.**

No. 1318.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1976.

Rehearing Denied March 17, 1976.

M. Jack Tabor, Tabor & Ray, Terry Sears, Houston, for appellants.

Robert L. Rouner, Bracewell & Patterson, Houston, for appellee.

CIRE, Justice.

This is an appeal from a summary judgment for the plaintiff on a promissory note.

Appellee Medical Center Bank sought recovery from appellants Jack Tabor and Marsh Starck on a note executed by them and due on April 8, 1974. Appellee's motion for summary judgment was supported by the affidavit of Mr. David Wilson, its executive vice-president. The affidavit recites that Wilson has personal knowledge that the facts and allegations contained in appellee's petition are true and correct. The affidavit further states that appellee is the owner and holder of the note sued upon and that after deduction of all lawful offsets, appellants are indebted to appellee in the amount of $72,737.38 plus interest and contractual attorney's fees.

Appellants Jack Tabor and Marsh Starck submitted their affidavits in opposition to appellee's motion for summary judgment. These affidavits, in addition to alleging certain defenses to the action, contained the assertion that "David Wilson . . . was in no way connected with the Plaintiff, or the transaction involving the note sued upon."

■ Under Rule 166–A the party moving for summary judgment has the burden of proving by means of summary judgment evidence independent of the pleadings that there is no material issue of fact and that he is entitled to judgment as a matter of law. Only when the movant has discharged this burden by presenting competent extrinsic evidence is the non-moving party required to show opposing evidence which raises a material fact issue. *Allen v. Western Alliance Insurance Co.,* 162 Tex. 572, 349 S.W.2d 590, 594 (1961). In order to constitute valid summary judgment evidence an affidavit must state that it is made on the personal knowledge of the affiant. If, however, the credibility of the affiant is at issue, or if there is a question as to the weight of the evidence, summary judgment is not proper. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41 (Tex. Sup.1965).

■ In this case the credibility of the movant's affiant was put in issue by appellants' affidavits. All the affidavits submitted, both by the appellee and by the appellants, were the testimony of interested witnesses. The function of evidence given by an interested witness in a summary judgment proceeding is different, however, according to the parties' positions. The movant must establish his right to judgment as a matter of law. "Evidence which favors the movant's position is not considered unless it is uncontradicted." *Great American Reserve Insurance Co.* at 47.

Moreover, even if the movant's evidence is not contradicted, if the testimony comes from an interested witness, it does not establish a fact as a matter of law unless it is "clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach" it. *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942). The affidavits of the appellants constitute evidence tending to discredit or impeach the affidavit of David Wilson.

■ The appellants are also interested witnesses; thus, their affidavits are also incapable of establishing as a matter of law the facts recited. If appellee's evidence did, on its face, establish its right to judgment

as a matter of law, the appellants, as the parties opposing the summary judgment motion, acquired the burden, not to establish any fact as a matter of law, but merely to raise an issue of fact. The testimony of an interested witness is sufficient to raise a fact issue. *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942).

This is particularly true in this instance because in a summary judgment proceeding when the movant fails to controvert his opponent's evidence, that evidence is accepted as true on appeal. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.Sup.1972); *Railroad Commission v. Sample,* 405 S.W.2d 338 (Tex.Sup.1966). Appellee's motion for summary judgment and its supporting affidavit were filed on May 8, 1975; appellants' opposing affidavits challenging David Wilson's credibility were filed on May 16, 1975 and amended on June 20, 1975; the summary judgment hearing was held June 23, 1975. During the five-week period from May 16 to June 23 appellee did not amend its affidavit in an attempt to controvert the appellants' allegations. Wilson's connection with the appellee bank and the course of his knowledge of the transactions resulting in the current status of the indebtedness were facts which, if true, could easily have been established by appellee.

Since appellee, as the moving party did not satisfy its burden of proving as a matter of law that there were no material fact issues, the summary judgment was not properly granted.

The judgment of the trial court is reversed and the cause remanded.