Opinion
issued February 18, 2010   

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00290-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOHN ADI, Appellant

 

V.

 

RAPID BAIL BONDING COMPANY AND MARTIN HALICK, RAPID
BAIL BONDING COMPANY SURETY, Appellees

 

 



On Appeal from the 190th District Court
Harris County, Texas

Trial Court Cause No. 2001-38189 

 

 



MEMORANDUM OPINION

Appellant, John Adi, appeals a
take-nothing judgment rendered against him upon appellees’—Rapid Bail Bonding
Company and Martin Halick, Rapid Bail Bonding Company Surety—motion for
traditional summary judgment.  We determine
whether the trial court erred in granting the traditional summary judgment and
entering a take-nothing judgment on all of Adi’s claims.  We reverse the trial court’s judgment and
remand this cause.

Factual and Procedural History

A.      Factual background

In early 1998, Adi was arrested for a
felony offense of engaging in organized criminal activity.  He was released from jail on March 16, 1998,
on an $80,000 surety bond that listed “Martin Halick” as the surety of the bond,
after Adi paid an $8,000 surety bond fee. 
In October 1998, MaryAnn K. Adi gave a deed of trust for certain
property to “Henri M. Cosey, Trustee” to secure the bond, payable if the bond
was forfeited.[1]

On March 10, 1999, Martin Halik filed
an “Affidavit of Surety to Surrender” in Adi’s case.  The affidavit read:

BEFORE ME, the undersigned authority, on this day
personally appeared MARTIN HALIK, who being by me duly sworn, deposes and says
on his oath that he or she is a surety on the appearance bond of the above
named defendant who is charged with the offense of ENGAGING IN ORG. CRIM.
ACTIVITY in the above captioned cause. 
Said surety further says on oath that the bond was executed the 16 day
of MARCH 1999 [sic] and the defendant paid to such surety a fee in the amount
of $8,000.00. Said surety desires to surrender the defendant into the custody
of the Sherriff of Harris County for the following reason:

 

THE DEFENDANT IS NIGERIAN WITH CONTACTS IN
NIGERIA.  THE CO-DEFENDANT HAS ALREADY
BOND FORFITED [sic]. THE DEFENDANT HAD AGREED TO COME BY THE OFFICE TO PROVIDE
ADDITIONAL SECURITY, AND HE HAS FAILED TO DO SO.  THE DEFENDANT ADVISED THE BONDING COMPANY
THAT HIS ATTORNEY WAS PRESENTING A MOTION FOR REDUCTION OF BOND, BECAUSE HIS
CURRENT BOND AGREEMENT WILL END ON 3-16-99. 
THE ASSISTANT DISTRICT ATTORNEY MR. BILZARD ADVISED OUR OFFICE THAT A
BOND REDUCTION HAS ALREADY BEEN DENIED. 
FURTHER, IF ONE WAS CONSIDERED HE WOULD BE AWEAR [sic] OF THE MOTION
PRIOR TO PRESENTATION TO THE COURT.  NO
SUCH MOTION HAS BEEN SUBMITTED.  WE FEEL
THAT WITH THE FOREGOING MISREPRESENTATIONS AND FAILURE TO PERFORM AS AGREED
THERE IS ADEQUATE GROUNDS TO BELIEVE THAT THE DEFENDANT WILL FLEE THE
JURISDICTION OF THE COURT.

 

WHEREFORE, said surety prays that the Court issue a
warrant for the arrest of the defendant directing the Sherriff to place the
defendant in the Harris County Jail. 

 

The affidavit was signed before a
deputy district clerk by “Martin Halik,” and filed on March 10, 1999.  

That same day, the trial court found
that Halick’s affidavit set forth legally sufficient cause for the surety to
surrender Adi, and issued a warrant for Adi’s arrest.  Adi was subsequently arrested on the warrant
and placed in the Harris County Jail.[2]  

B.      Adi’s petition

Adi filed suit against Rapid Bail
Bonding Company and Martin Halik on July 24, 2001, asserting “breach of
contract, civil fraud, deceptive trade practice, [and] intentional infliction of
emotional distress” and claimed that he had suffered damages therefrom.  Adi alleged that on March 16, 1999, he had
entered into a contract with Rapid Bail Bonds to secure his $80,000 appearance
bond and the contract had signed on behalf of Rapid Bail Bonding Company by
“its surety, Martin Halick.”  He asserted
that he had paid Rapid Bail Bonding Company $8,000 through Halick as a fee, and
also provided additional security in the form of real estate.  Adi contended that Rapid Bail Bonding
Company, through Halick, had breached the contract through “material false
representations” made in an affidavit to the district court in which Adi’s case
was pending, which resulted in an arrest warrant being issued and in Adi’s
subsequent arrest.  

C.      Halick’s answer and the motion for summary
judgment

 

On December 28, 2001, Halick, an
attorney, filed a sworn original answer entitled “Respondent’s Original Answer”
that asserted only a general denial.  The
answer did not indicate that Halick was representing any party other than
himself. 

 On February 14, 2008,[3]
Halick filed a document entitled, “Defendants’ motion for no-evidence summary
judgment or in the alternative Defendants’ traditional motion for summary
judgment.”  In this motion, “Rapid Bail
Bonding Company and Martin Halick” jointly filed combined requests for both a
no-evidence and traditional summary judgment, asking the court “to sign a final
summary judgment against Plaintiff on Plaintiff’s cause of action.”  

In the portion of the motion labeled,
“Defendants’ Motion for a No-Evidence Summary Judgment,” appellees alleged that
Adi had no evidence to support his causes of action and that Adi’s deceptive
practices and intentional infliction of emotional distress claims were barred
by limitations.  

In the portion of the motion that was
labeled “Defendants’ Traditional Motion for a Summary Judgment,” appellees argued
that (1) “no fact issue exist[ed] to support the allegations in [Adi’s]”
petition; (2) Adi had violated the bond agreement by not reporting, so
appellees had a sufficient ground to surrender the bail bond; (3) the bond was
viable only for a year and then expired if not renewed and the bond was more
than a year old when surrendered; and (4) Adi’s causes of action for deceptive
trade practices and intentional infliction of emotional distress were barred by
limitations.  Appellees concluded their
motion for traditional summary judgment by asserting that that “Defendant is
entitled to final summary judgment on his affirmative defense as alleged in
this motion for summary judgment because no fact issue exists supporting
plaintiff’s complaint” and that “Defendant [was asking] for summary judgment on
all issues, all claims, all theories of damages and all parties.”  Attached to the motion for summary judgment
were an affidavit and various exhibits.[4] 

Halick certified that a copy of the
motion was sent to Adi at a correctional facility in Post, Texas, by certified mail,
on February 18, 2008.  Also on February
18, 2008, Halick mailed a notice of submission to Adi, notifying him that the
“Motion for Final Summary Judgment” would be set for submission on March 10,
2008 at 8:00 a.m.  The following day,
February 19, 2008, Halick mailed another notice of submission to Adi,
specifying that the “Motion for No-Evidence Summary Judgment or in the
alternative Motion for Traditional Summary Judgment” would be submitted to the
trial court on March 10, 2008 at 8:00 a.m.—a submission date that was exactly
21 days after the date that the motion for summary judgment was filed and
mailed to Adi by certified mail, and 20 days after the properly detailed notice
of hearing was sent to Adi.[5]  

D.      Adi’s response to the motion
for summary judgment

Adi filed two documents in response
to the motion for summary judgment—“Affidavit of John Adi in Opposition to
Defendants [sic] Motion for No-Evidence Summary Judgment or in alternative
Defendant’s [sic] Traditional Motion for Summary Judgment” and “Plaintiff’s
Objection and Response to Defendants Motion for No-Evidence Summary Judgment or
in alternative Defendants Traditional Motion for Summary Judgment.” [6]  

In his affidavit in response to the
motion for summary judgment, Adi asserted that summary judgment was not proper
because there were numerous genuine issues of material fact to be resolved.  Among the facts disputed in his affidavit were
appellees’ assertions that Adi had not complied with the contract by failing to
report in person, had not properly secured his bond, and that the bond was
viable only for a year and was more than a year old when surrendered.  Adi attested that he had reported personally
as required and he had provided a deed of trust to property to secure the bond
that was adequate to secure the bail bond and had been accepted by appellees as
full security for the bond. He also attested that the bond was not a year old
at the time it was surrendered and was not viable for only one year.  He  disputed
the facts alleged in the affidavit of surety to surrender and argued that his
deceptive trade practices and intentional infliction of emotional distress
causes of actions were not barred by limitations and that appellees had waived
that affirmative defense by not raising it in their original answer to the
lawsuit.  Attached to the affidavit were
numerous exhibits.[7] 

In his “Objection and Response,” Adi
argued that (1) appellees failed to meet their traditional summary judgment
burden to demonstrate that there was no genuine issue as to any material fact
and that he had presented evidence on summary judgment that was diametrically
opposed to appellees’ summary judgment evidence on many genuine issues of
material fact, (2) appellees were not entitled to a no-evidence summary
judgment because he had set forth facts in his affidavit and attached evidence
supporting his causes of actions, and (3) appellees had failed to raise a
statute of limitations defense in their answer to the lawsuit, had therefore
waived the affirmative defense, and so summary judgment was not proper on
limitations grounds.  Adi also objected
to appellees’ Exhibits B, C, and D to their motion for summary judgment on the
basis that the exhibits were hearsay, not certified, not authenticated, and not
admissible.  He specifically attacked
Exhibit B, the bond forfeiture for another individual as irrelevant, and
Exhibits C and D, the documents entitled “Terms and Conditions” and “Indemnity
Agreement” as hearsay, not authenticated, not certified, and not competent,
noting that they were blank forms, with no name of principal, indemnnitor, or
dates. Adi attached as an exhibit to his response his affidavit in opposition to
the motion for summary judgment with its attached exhibits.[8]  There is no order ruling on Adi’s objections
to appellees’ summary judgment evidence in the record on appeal.

E.      The trial court’s summary
judgment order 

On March 10, 2008, the trial court
entered an “Order on Defendants’ Motion for Traditional Summary Judgment” that
stated

On March 10, 2008, the court considered Defendants
Rapid Bail Bonding Company and Martin Halick’s motion for traditional summary
judgment.  After considering the
pleadings, motion, response, and evidence on file, the court granted the
motion.  

 

The court ORDERS that Plaintiff, John Adi, take
nothing by his suit, that defendants, Rapid Bail Bonding and Martin Halick,
recover court costs from Plaintiff.

 

This judgment is final of all claims and all parties,
and is appealable. 

 

The court
orders execution to issue for this judgment. 

Discussion

Adi, a pro se inmate, raises four issues
on appeal.[9]  We review the claims of an inmate proceeding
pro se with liberality and patience.  $429.30 in U.S. Currency v. State, 896
S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1995, no writ).  Considering carefully the arguments raised in
the discussion of his issues, we construe Adi’s four issues as raising
complaints that the trial court:

(1)     erred in impliedly
overruling Adi’s challenge to the admission of appellees’ summary judgment
exhibits B, C, and D into evidence and in considering these documents in the
summary judgment proceedings; 

 

(2)     improperly
granted appellees’ motion for summary judgment on Adi’s deceptive trade
practices and intentional infliction of emotional distress causes of action on
limitations grounds because appellees failed to raise the affirmative defense
of limitations in their original answer and Adi objected to the absence of this
pleading and because appellees failed to establish as a matter of law the date
upon which limitations commenced;

 

(3)     erred in
granting summary judgment: 

 

(a)     on Adi’s
breach of contract cause of action because genuine issues of material fact
exist as to one or more essential elements of that cause of action; and 

 

(b)     on Adi’s
civil fraud cause of action because appellees did not present any claim or
arguments in their traditional motion for summary judgment on that cause of
action; and



(4)     erred in
granting summary judgment on the ground that Adi had no evidence to support his
causes of action or damages.  

 

A.      Standard of review

We review a trial court’s decision to
grant a motion for summary judgment de novo. 
See Tex. Mun. Power Agency v. Pub. Util. Comm’n of Tex., 253
S.W.3d 184, 192, 199 (Tex. 2007).  If the order granting the summary judgment does not
specify the grounds upon which judgment was rendered, we must affirm the
summary judgment if any of the grounds in the summary judgment motion is
meritorious.  FM Props. Operating Co.
v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  A trial court may not grant summary judgment
on a ground not presented by the movant in writing, City of Houston v. Clear
Creek Basin Authority, 589 S.W.2d 671, 677 (Tex. 1979), and a motion for
summary judgment must stand or fall on the grounds expressly presented in the
motion itself.  McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). In determining whether
grounds are expressly presented in the motion, reliance may not be placed on
briefs or summary judgment evidence; “[a]n appellate court cannot read between
the lines, infer or glean from the pleadings or proof any grounds for granting
the summary judgment other than those expressly set forth before the trial
court in the motion for summary judgment.” Id.
at 341, 343 (internal quotation marks and citations omitted).          

Under
the traditional summary judgment standard, the movant has the burden to show
that no genuine issues of material fact exist and that it is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985).  In deciding whether there is a disputed material
fact issue precluding summary judgment, evidence favorable to the non-movant
will be taken as true, and every reasonable inference must be indulged in favor
of the non-movant and any doubts resolved in its favor.  Nixon, 690 S.W.2d at 548–49.  If
the motion involves the credibility of affiants, or the weight to be given to
evidence, the motion should not be granted. 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965); Tabor v. Med. Ctr. Bank, 534 S.W.2d 199, 200
(Tex. Civ. App.—Houston [14th Dist.] 1976, no writ).  A defendant moving for a traditional summary judgment must
conclusively negate at least one essential element of each of the plaintiff’s
causes of action or conclusively establish each element of an affirmative
defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  After a defendant has done so, the burden then
shifts to the plaintiff to produce evidence creating a fact issue on the
element or defense in order to defeat the summary judgment.  See Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996).  

B.      Adi’s objections to the summary judgment
evidence and the no-evidence summary judgment grounds

 

          In his first issue, Adi complains
that the trial court should not have considered certain summary judgment
evidence submitted by appellees to which he lodged an objection.  In his fourth issue, he complains that the
trial court should not have granted summary judgment on appellees’ no-evidence
grounds because he produced evidence to support his causes of action.

          We
overrule both of these issues because there is no record of a ruling by the
trial court on either of those matters.  

Regarding Adi’s first issue, no explicit
or implicit ruling on Adi’s objection to the appellees’ summary judgment
evidence appears in the record and Adi did not object to the trial court’s
refusal to rule.  See Tex. R. App. P. 33.1(a)(1)(2).  The order granting summary judgment in this
case, which stated that the trial court considered “the pleadings, motion,
response, and evidence on file,” is not specific enough to indicate an implied
ruling on Adi’s objections to particular exhibits attached to the appellees’
motion and the mere granting of the motion for summary judgment does not expressly
or implicitly overrule the objections to the appellees’ evidence.  See Allen v. Albin, 97 S.W.3d 655, 662–63 (Tex.
App.—Waco 2002, no pet.).  We hold that Adi has failed to preserve this complaint
for appellate review.  

As to Adi’s fourth issue, the trial
court did not grant summary judgment on appellees’ no-evidence grounds.  Rather, the trial court expressly granted
summary judgment only on appellees’ motion for traditional summary judgment.    

We overrule Adi’s first and fourth issues.

C.      The traditional summary judgment on the
deceptive trade practices and intentional infliction of emotional distress
causes of action

 

          In his second issue, Adi argues that
summary judgment was not proper as to his deceptive trade practices and
intentional infliction of emotional distress causes of action because summary
judgment was sought on the basis of a limitations defense that had been waived
by appellees by their failure to plead such affirmative defense of limitations
in their answer to the suit.  

          We
agree that the only ground asserted in appellees’ motion for traditional summary
judgment as to these causes of action was an affirmative defense that these
causes of action were barred by a two-year statute of limitations.  Therefore, appellees’ affirmative defense of
limitations was the sole basis on which the trial court could grant summary
judgment as to those causes of action.  See Envtl Procedures, Inc. v. Guidry,
282 S.W.3d 602, 620 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

          Adi
argues that summary judgment was improper because appellees waived this
affirmative defense when they filed only a general denial in response to his
petition.  See Tex. R. Civ. P. 94 (requiring
affirmative defense such as statute of limitations to be specifically
pled).  While it is true that when a
party files only a general denial, it waives any affirmative defense that must
be specially pled, see Stone Resources,
Inc. v. Barnett, 661 S.W.2d 148, 151 (Tex. App.—Houston [1st Dist.] 1983, no writ),
an unpleaded affirmative defense may serve as a basis for summary judgment when
it is raised in the summary judgment motion and the opposing party does not
direct the trial court’s attention to the absence of the pleading in his
written response or before the court renders judgment.  Roark
v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991).

          In
the case before us, appellees filed a general answer and failed to plead the
affirmative defense of limitations in their answer.  Although they did raise this affirmative
defense in their motion for summary judgment, Adi objected to their failure to
specially plea this affirmative defense in their answer and directed the trial
court to the absence of the pleading in his written response to the motion for
summary judgment.  Accordingly, the
affirmative defense of limitations could not serve as the basis for a summary
judgment against Adi.  See Roark,
813 S.W.2d at 495.

We therefore hold that the trial
court erred in granting appellees’ traditional summary judgment motion as to
Adi’s intentional infliction of emotional distress and deceptive trade practice
on appellees’ affirmative defense of limitations, and we sustain his second
issue. 

D.      The traditional summary judgment on the
breach of contract and civil fraud causes of action

 

          In his third issue, Adi challenges
the trial court’s entry of a summary judgment on appellees’ traditional summary
judgment motion as to his breach of contract and civil fraud claims.  

Breach of Contract

In order to be entitled a traditional
summary judgment on Adi’s breach of contract claim, appellees must establish that
no genuine issue of material fact exists and that they are entitled to judgment
as a matter of law. See Tex. R.
Civ. P. 166a(c); Nixon,
690 S.W.2d at 548.  Adi argues
that many genuine issues of material fact exist as to his breach of contract claim
and asserts that his summary judgment evidence raises such issues.  

Reviewing the summary judgment
evidence submitted by appellees and Adi, we note that Adi controverts almost every
factual claim made by appellees and that the summary judgment motion involves
the competing credibility of the parties.  For example, appellees assert that Adi failed
to personally check into the office for several weeks before the bond was
surrendered.  In his affidavit, Adi
disputes this contention, stating that he checked in as agreed.  Similarly, appellees assert that the property
securing the bond was not sufficient to secure the bond or to cover the
expenses of finding Adi and placing him in custody, while Adi contends that the
security given was adequate to secure the bond and sufficient for the appellees
to recover their expenses in case of forfeiture or surrender.   We agree
that there are genuine issues of material fact remaining as to this cause of
action.  Because appellees failed to
establish that there were no genuine issues of material fact as to Adi’s breach
of contract claim, we hold that summary judgment on this cause of action was
not proper.  See Tex. R. Civ. P. 166a(c); Nixon, 690 S.W.2d at 548; see also Great Am. Reserve
Ins. Co., 391 S.W.2d at 47; Tabor,
534 S.W.2d at 200 (summary judgment not proper when motion involves
credibility).  

Civil Fraud

Adi argues that summary judgment was
not proper as to his civil fraud claim because appellees failed to present any
claim or argument regarding his civil fraud claim in their traditional motion
for summary judgment.  We agree.  

Appellees’ “Traditional Motion for
Summary Judgment” wholly failed to even reference Adi’s civil fraud cause of
action.  Because appellees’ “Traditional
Motion for Summary Judgment” did not address, much less negate, any element of
the civil fraud claim, nor did it assert, much less conclusively establish, any
element of an affirmative defense relative to the civil fraud claim, we hold
that the trial court erred in entering a take-nothing judgment against Adi on his
civil fraud cause of action.  See Jacobs v. Satterwhite, 65 S.W.3d
653, 655 (Tex. 2001) (holding that take-nothing summary judgment on all claims
was erroneous as to claim not addressed in motion for summary judgment).  

For the foregoing reasons, we
conclude that the trial court erred in granting appellees’ motion for traditional
summary judgment and entering a take-nothing judgment against Adi on the breach
of contract and civil fraud causes of action. 
We sustain Adi’s third issue.   

CONCLUSION

 

          We
reverse the take-nothing judgment of the trial court and remand this cause to
the trial court for further proceedings. 


 

 

 

 

 

                                                          Jim
Sharp

                                                          Justice

 

 

Panel consists of Justices Keyes,
Sharp, and Massengale.











[1]               Although
both parties state on appeal that Adi contracted with Rapid Bail Bond for the
surety bond, that name does not appear on the jail bond, or the deed of trust,
or the affidavit of surety to surrender, and no signed copy of the bail bond
contract relative to this bond appears in the record on appeal.  





[2]               Adi
apparently filed a writ of habeas corpus a few days after his arrest, which was
granted after a hearing, and bond was reset at $80,000.  Adi was later convicted and sentenced to
prison.





[3]               Although
no other filed documents appear in the record between Halik’s answer and the
motion for summary judgment, according to the trial court’s docket sheet, the
case had numerous trial settings and continuances between 2002 and 2007.





[4]               Appellees
attached: 

 

(1)       an
affidavit by Halick, attesting to various facts related to the affidavit to
surrender, the terms of the bond agreement, and Adi’s failure to comply with
those terms by failing to report in person to the bonding company office as
required and by making a material misrepresentation by using property to secure
his bond that had little value and did not secure the bond;

 

(2)       a copy
of the order by the court allowing the surrender and a warrant of arrest
(“Exhibit A”);

 

(3)       a copy
of a judgment of bond forfeiture for “Reginald Ike (MN) Chuchwuemeka aka
Reginald Chuckwuemekake” on February 24, 1999 (“Exhibit B”);

 

(4)       An
unexecuted form entitled “Terms and Conditions” with a heading containing the
name and address of “Rapid Bail Bonds,” seven numbered paragraphs setting out
requirements for persons released on bonds, one paragraph setting out a penal
statute regarding bail jumping, and blank lines for a date and signatures of a
principal and indemnitor (“Exhibit C”);

 

(5)       An
unexecuted indemnity agreement form that lists Rapid Bail Bonds as surety, with
blank lines for: the name of the indemnitor, the amount of the bond, the
principal, the date of the bond, the date of the execution of the indemnity
agreement form, and signatures of the principal, indemnitor and notary public
(“Exhibit D”);  and 

 

(6)       The
affidavit of surety to surrender for Adi, signed by Halick on March 10, 1999
(“Exhibit E”).

 





[5]               Taking
appellees’ certification of service as true, Adi was not provided timely notice
of the summary judgment hearing.  Service, not merely mailing, is required
21 days before the hearing.  See Tex.
R. Civ. P. 166a(c) (requiring that, except on leave of court, summary
judgment be filed and served at least
21 days before time specified for hearing). 
Because of specific provisions in Texas Rule of Civil Procedure 21a
dealing with service by mail, a summary judgment motion that is served by mail must be mailed at least 24 days prior to the hearing and a
respondent has the right to 24 days
minimum notice of the hearing.  See Lewis v. Blake, 876 S.W.2d 314, 315
(Tex. 1994).   When the motion and the
notice of the hearing are mailed separately, the hearing may not be heard
before the 24th day after the date that the notice of submission is sent.  Chadderdon
v. Blaschke, 988 S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.] 1999, no
pet.).  However, lack of sufficient
notice of a summary judgment hearing is a nonjurisdictional defect and may be
waived.  Nguyen v. Short, How, Frels & Heitz, P.C., 108 S.W.3d 558, 560
(Tex. App.—Dallas 2003, pet. denied).  In
the present case, no written objection to the lack of notice of the hearing
appears in the record nor any request for an extension of the date of
submission and Adi does not attempt to raise any challenges on appeal related
to the timing or notice of the hearing. 

 





[6]               Both
documents are stamped “filed” by the Harris County district clerk on March 10,
2008; the certificates of service indicate that the affidavit was mailed on
March 5, 2008, and the “objection and response” was mailed on March 6, 2008,
both dates less than 10 days before the hearing.  See Tex. R. Civ. P. 166a(c) (requiring
that, except on leave of court, adverse party may file and serve opposing
affidavits or any other written response “not later than seven days prior to
the date of hearing.”); Tex. R. Civ. P. 21a
(requiring that when document served by mail, three days be added to prescribed
period).  Although no order permitting a
late response appears in the record, the order granting summary judgment
expressly states that the trial court considered “the response.”  Therefore the record contains an affirmative
indication that the trial court permitted the late filing of the response with
the attached affidavit and exhibits.  See Auten v. DJ Clark, Inc., 209 S.W.3d
695, 703 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that order
stating that document considered was affirmative indication that it was
considered); Stephens v. Dolcefino,
126 S.W.3d 120, 133–34 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)
(holding that appellate court may consider summary judgment evidence submitted
late to trial court as long as trial court affirmatively indicates in record
that accepted or considered evidence). 
We may therefore consider Adi’s response in our review of his appeal. See Stephens, 126 S.W.3d at 133–34. 

 

 

  

 





[7]               Adi
attached: 

 

(1)       a
document entitled, “Plaintiff’s statement of disputed factual issues”(“Exhibit
A”); 

 

(2)       a copy
of a deed of trust for property to secure his bond (“Exhibit B”); 

 

(3)       a
copy of the jail bond (“Exhibit C”); 

 

(4)       a copy
of the March 10, 1999 order permitting surrender and issuing a warrant
(“Exhibit D”); 

 

(5)       a copy
of a computerized docket sheet for a criminal case including notations about an
$80,000 bond made by bondsman Martin Halick (“Exhibit E”); 

 

(6)       a computer
printout regarding a writ of habeas corpus case for a “John Adi” in which the
writ was granted (“Exhibit F”); 

 

(7)       a copy
of the March 16, 1999 affidavit of surety to surrender (“Exhibit G”); 

 

(8)       a copy
of Adi’s requests for admissions sent on December 11, 2002, and partial
responses thereto (“Exhibit H”);  

 

(9)       a typed
copy of a section of the code of criminal procedure dealing with bail bonds
(“Exhibit I”); and

 

(10)     a
copy of “Respondent’s Original Answer” (“Exhibit J”).

 





[8]               See
footnote 7.

 





[9]               Within
their brief, appellees assert that Adi’s brief was not timely filed and request
that we dismiss this case for want of prosecution.  Pursuant to an order of this Court on
appellant’s last motion for extension of time to file brief, Adi’s brief was
due to be filed in this Court on March 20, 2009.  Adi’s brief was received in this Court on
March 25, 2009.  The certificate of
service in Adi’s brief indicates that it was mailed on March 19, 2009.  The postmark on the package containing the
brief was stamped by the United States Postal Service on March 23, 2009, in
Haskell, Texas.  Adi is an inmate in the
Rolling Plains Correctional Facility in Haskell, Texas.  Given these circumstances, we sua sponte grant
Adi leave to file the brief late, deem the brief filed as of the date of
receipt, and decline appellees’ request that we dismiss this case for want of
prosecution.