FILED
13-0989
10/23/2015 12:22:31 PM
tex-7515115
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

NO. 13-0989

_____

IN THE
SUPREME COURT OF TEXAS

_____

LEISEL MOSELEY, BRIAN DUNN, AND JANEL DUNN
PETITIONERS,

VS.

HAPPY HILL FARM ACADEMY/HOME AND HAPPY HILL FARM
CHILDREN'S HOME ENDOWMENT FUND, HAPPY HILL FARM
CHILDREN HOME, INC. A/K/A DALLAS COWBOYS COURAGE
HOUSE,
RESPONDENTS.

_____

On Petition for Review from the Tenth Court of Appeals, Waco, Texas

_____

LEISEL MOSELEY, BRIAN DUNN, AND JANEL DUNN'S
MOTION FOR REHEARING OF PETITION FOR REVIEW

_____

Respectfully submitted,

JASON C.N. SMITH
State Bar No. 00784999
LAW OFFICES OF JASON SMITH
600 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
Email: jasons@letsgotocourt.com

ATTORNEYS FOR PETITIONERS,
LEISEL MOSELEY, BRIAN DUNN,
AND JANEL DUNN

OCTOBER 23, 2015                    **ORAL ARGUMENT REQUESTED**

# INDEX OF ABBREVIATIONS

Clerk's Record …………………………………………………… C.R.

Supplemental Clerk's Record received 12/13/12 ………….…. S.C.R.

# TABLE OF CONTENTS

INDEX OF ABBREVIATIONS ................................................................ i

TABLE OF CONTENTS ...................................................................... ii

TABLE OF AUTHORITIES.................................................................. iii

I.   STATEMENT OF THE CASE.......................................................... 2

II.  STATEMENT OF JURISDICTION ................................................. 3

III. SUMMARY OF ARGUMENT......................................................... 4

IV.  ISSUES PRESENTED ................................................................. 5

    1.   Did the Court of Appeals incorrectly disregard the affidavit of an interested witness that created a question of fact?

    2.   Did the Court of Appeals err in concluding that there was no evidence demonstrating Happy Hill Farm was a "mental health facility" as defined by section 571.003(12) for purposes of the claims brought under Chapter 161 of the Texas Health and Safety Code?

V.   STATEMENT OF FACTS.............................................................. 5

VI.  COURT OF APPEALS IMPROPERLY DISREGARDED THE AFFIDAVIT OF BRIAN DUNN ...................................................... 9

VII. THERE IS SOME EVIDENCE HAPPY HILL FARM MEETS THE DEFINITION OF MENTAL HEALTH FACILITY ................................... 14

VIII. CONCLUSION AND PRAYER .................................................... 17

CERTIFICATE OF COMPLIANCE ..................................................... 18

CERTIFICATE OF SERVICE............................................................ 18

# TABLE OF AUTHORITIES

**CASES**

*Acker v. Texas Water Comm'n*,
   790 S.W.2d 299 (Tex. 1990) .................................................. 3, 10, 12

*Boswell v. Farm & Home Sav. Ass'n*,
   894 S.W.2d 761 (Tex.App.-Fort Worth 1994, writ denied) ........................... 11

*DeWoody v. Rippley*,
   951 S.W.2d 935 (Tex. App.—Fort Worth 1997, writ dism'd) .............. 3, 10, 12

*Dunn v. Happy Hill Farm Academy*,
   ____ S.W.3d ___, _____ 2013 WL 4767528 (Tex. App. -- Waco 2013,
   pet. filed) ....................................................................... 2, 9

*Emeritus Corp. v. Blanco*,
   355 S.W.3d 270 (Tex. App.—El Paso 2011, pet. denied) ................................ 8

*First Nat. Bank in Munday v. Lubbock Feeders, L.P.*,
   183 S.W.3d 875 (Tex. App. – El Paso 2006, pet. denied) ........................ 10, 11

*General Prod. Co. v. Black Coral Invs.*,
   715 S.W.2d 121 (Tex.App. -- Houston [14th Dist.] 1986, writ ref'd n.r.e.) ..... 11

*Grynberg v. M-I L.L.C.*,
   398 S.W.3d 864 (Tex. App. -- Corpus Christi 2012, pet. filed) ................. 10, 12

*Haynes v. City of Beaumont*,
   35 S.W.3d 166  (Tex. App.–Texarkana, 2000, no pet.) ........................ 3, 10, 12

*Longoria v. Texaco, Inc.*,
   649 S.W.2d 332 (Tex. App. -- Corpus Christi 1983, no writ) ................. 10, 13

*Marshall v. Sackett*,
   907 S.W.2d 925 (Tex. App.-- Houston [1st Dist.] 1995, no writ) .................. 11

*Maxwell v. Willis*,
   316 S.W.3d 680 (Tex. App. 2010) ............................................................. 12

*McCord v. Avery*,
708 S.W.2d 954 (Tex. App. -- Fort Worth, 1986, no writ) ............................ 10

*S & I Mgmt., Inc. v. Sungju Choi*,
331 S.W.3d 849 (Tex. App.--Dallas 2011, no pet.)....................................... 11

*Smith v. O'Donnell*,
288 S.W.3d 417 (Tex. 2009) ................................................................... 9, 10

*Tabor v. Medical Center Bank*,
534 S.W.2d 199 (Tex. App.—Houston [14th Dist.] 1976, no writ)...... 3, 10, 13

*Trico Technologies Corp. v. Montiel*,
949 S.W.2d 308 (Tex. 1997) ................................................................ 3, 10, 12

*Valence Operating Co. v. Dorsett*,
164 S.W.3d 656 (Tex. 2005). .......................................................................... 9

*Womack v. I&H Development Co.*,
433 S.W.2d 937 (Tex. 1968) ............................................................... 3, 10, 13

**STATUTES**

TEX. GOV'T CODE § 22.001(a)(1)................................................................... 4

TEX. GOV'T CODE § 22.001(a)(2)................................................................... 3

TEX. GOV'T CODE § 22.001(a)(3)................................................................... 3

TEX. HEALTH & SAFETY CODE § 161.134...................................................... 8

TEX. HEALTH & SAFETY CODE § 161.134(a) ................................................ 13

TEX. HEALTH & SAFETY CODE § 571.002(1) ................................................ 14

TEX. HEALTH & SAFETY CODE § 571.003..................................................... 16

TEX. HEALTH & SAFETY CODE § 571.003(12)........................................ 5, 13, 14, 17

TEX. HEALTH & SAFETY CODE § 571.006..................................................... 14

TEX. R. APP. P. 9.4(i)(3) ............................................................................... 18

TEX. R. CIV. P. 166a(c) ................................................................ 9, 10

NO. 13-0989

—————————————————————

IN THE
SUPREME COURT OF TEXAS

—————————————————————

LEISEL MOSELEY, BRIAN DUNN, AND JANEL DUNN
PETITIONERS,

VS.

HAPPY HILL FARM ACADEMY/HOME AND HAPPY HILL FARM
CHILDREN'S HOME ENDOWMENT FUND, HAPPY HILL FARM
CHILDREN HOME, INC. A/K/A DALLAS COWBOYS COURAGE
HOUSE,
RESPONDENTS.

—————————————————————

**On Petition for Review from the Tenth Court of Appeals, Waco, Texas**

—————————————————————

**LEISEL MOSELEY, BRIAN DUNN, AND JANEL DUNN'S
MOTION FOR REHEARING OF PETITION OF REVIEW**

—————————————————————

TO THE HONORABLE SUPREME COURT OF TEXAS:

COME NOW, Leisel Moseley, Brian Dunn and Janel Dunn, Appellants, and

through their attorney of record, files this Motion for Rehearing of Petition for

Review, and would show the Court as follows:

1

# I.

## STATEMENT OF THE CASE

Petitioners brought suit against Happy Hill Farm for violating Chapter 161 of the Texas Health and Safety Code, asserting they were terminated for reporting illegal conduct to law enforcement officials. Happy Hill Farm moved for summary judgment asserting that it was not a mental health facility, and therefore could not be held liable under section 161 of the Texas Health and Safety Code. The trial court granted summary judgment for Happy Hill Farm. (S.C.R. 12/13/12, 1-2). The Waco Court of Appeals issued an opinion affirming the trial court judgment. *Dunn v. Happy Hill Farm Academy*, _____ S.W.3d ____, _____ 2013 WL 4767528 (Tex. App. -- Waco 2013, pet. filed).

Briefing on the merits in this Court was completed on August 14, 2014.

On September 11, 2015, this Court denied the Petition of Review.

On rehearing, Petitioners have narrowed their request for review even further to whether there was a question of fact whether Happy Hill Farm was a mental health facility. [1]

---

[1] Due to the narrow issue presented in this case, this case is ripe for disposition by per curiam

## II.

## STATEMENT OF JURISDICTION

Under section 22.001(a)(2) of the Texas Government Code, the Texas Supreme Court has jurisdiction over this Petition because the Court of Appeals opinion conflicts with the holding of the Texas Supreme Court holding that an uncorroborated affidavit of an interested witness may create a fact issue in *Trico Technologies Corp. v. Montiel*, 949 S.W.2d 308 (Tex. 1997), *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 302 (Tex. 1990) and *Womack v. I&H Development Co.*, 433 S.W.2d 937, 940 (Tex. 1968).

Under section 22.001(a)(2) of the Texas Government Code, the Texas Supreme Court has jurisdiction over this Petition because the Court of Appeals opinion conflicts with the holding of the Texarkana, Fort Worth, and Houston [14[th] Dist.] Courts of Appeal that have held holding that an uncorroborated affidavit of an interested witness may create a fact issue in *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.–Texarkana, 2000, no pet.), *DeWoody v. Rippley*, 951 S.W.2d 935, 943 (Tex. App.—Fort Worth 1997, writ dism'd) and *Tabor v. Medical Center Bank*, 534 S.W.2d 199, 201 (Tex. App.—Houston [14[th] Dist.] 1976, no writ).

Under section 22.001(a)(3), the Texas Supreme Court has jurisdiction of the Petition because the Court of Appeal's failure to recognize a boarding school as a

mental health facility under Chapter 161 of the Texas Health and Safety Code involves the construction of a statute necessary to the determination of the case.

Under section 22.001(a)(1), the Texas Supreme Court has jurisdiction of the Petition because the Court of Appeals opinion has committed an error of law of such importance to the jurisprudence of the state that it should be corrected, to wit, the opinion will limit the regulatory jurisdiction of the State of Texas to regulate schools that qualify as a mental health facility.

### III.

### SUMMARY OF ARGUMENT

This case is about access to the courthouse.

The Court of Appeal's opinion ignores the long established standard on summary judgment that a fact issue may be raised by the affidavit of an interested witness. Apparently, while not originally designated for publication, the Court of Appeal's opinion will now be published.

The Court of Appeal's holding has broader implications for the power to regulate mental health if left to stand. The Court of Appeal's opinion incorrectly suggests that just because a facility is a boarding school that it may not also be a mental health facility.

Accordingly, the Texas Supreme Court should grant the Petition for Review, reverse the summary judgment, and remand the case to the trial court.

## IV.

## ISSUES PRESENTED

1. Did the Court of Appeals incorrectly disregard the affidavit of an interested witness that created a question of fact?

2. Did the Court of Appeals err in concluding that there was no evidence demonstrating Happy Hill Farm was a "mental health facility" as defined by section 571.003(12) for purposes of the claims brought under Chapter 161 of the Texas Health and Safety Code?

## V.

## STATEMENT OF FACTS

Happy Hill Farm is a school providing extensive services. (C.R. 41, 115). Happy Hill Farm provides 85 to 107 children food, housing, schooling, religious services, counseling and medical care. (C.R. 41, 43, 46, 115-17)

Leisel Moseley, Janel Dunn and Brian Dunn were good, competent employees of Appellee who genuinely cared for the welfare of the children at the campus. (C.R. 56, 93). Todd Shipman and Ed Shipman are officers/board members of Happy Hill Farm. (C.R. 40-44).

Happy Hill Farm's Employee Handbook provides:

Basic Child Care

The Farm's primary constituency is the dependent, abused, pre-delinquent, or neglected child between the ages of five and eighteen. Happy Hill Farm Academy Home is open to accept children of any or no religious background, and of any racial, ethnic, or socio-economic group. Each application is given individual consideration by the Admissions Committee.

5

An initial evaluation and intake study is mandatory for admittance. This includes physical, educational, and psychological testing. Young people with special needs will be provided with a structured program of professional counsel. The other children will have regular sessions with the Farm's Consultant Psychologist, the Therapist, the Social Worker, the COO, the Academy Principal, and the Directors of Living Units to assist them with family adjustments, personal problems, and interpersonal relationships.

Academy

Most of the children who reside on the Farm presently, and an overwhelming majority of the children who will be considered for placement in the future, share a common problem. Many children are failures in the public school system. Some have been expelled altogether. Academically, and usually socially as well, these children are the dropouts and kicked-outs of our society. Some of them are suffering from emotional disturbances, while others are victims of broken homes and/or abuse and neglect, or homes without proper discipline, love, or success in the parent-child relationship.

The Farm staff, including a consulting psychiatrist, psychologist and a pediatrician, provide the Academy with complete evaluation and testing for each potential applicant to Happy Hill Farm Academy/Home. A program of follow-up is also part of the learning and counseling plan for each child.

*     *     *

INTAKE

Upon referral, decisions regarding placement and treatment plans are made by an Admissions Committee. The process initiates with the gathering of all available data, such as the application, social history, psychological reports, psychiatric and neurological evaluations, school records, and medical and dental histories. An evaluation is required, so existing data will be updated, or an evaluation will be arranged. This data is compiled and reviewed by the Committee. If the applicant is accepted, it is with the understanding by the parent/guardian that it is for a trial period.

<u>TREATMENT</u>

> Upon acceptance, a diagnostic assessment is made for the needs of each child or young adult, resulting in an individual treatment plan. This plan is periodically re-assessed for modification. This plan is implemented by a qualified staff, consisting of therapists, teachers, and administration. The ongoing staff is assisted by consultants, such as a medical doctor, psychiatrist, psychologist, and other specialists, as the need for their services arises. The parent/guardian is made aware of the progress of the child.

(C.R.

Happy Hill Farm provided mental health services for students living on campus. (C.R. 102, 104-05, 116-17, 204-05, 222).

Brian Dunn obtained a Masters Degree in Social Work from University of Texas at Arlington and was completing the requirements to become a licensed social worker. (C.R. 104-05). Brian Dunn was authorized to provide counseling under the supervision of a licensed social worker and provided such counseling at Happy Hill Farm. (C.R. 104-05).

Moseley has been licensed as a Licensed Vocation Nurse by the Texas Board of Nursing since 1992. (C.R. 107, 176).

Janel Dunn worked in the medical clinic at Happy Hill's facility assisting doctors and nurses. (C.R.101-03).

Janel reported to the Texas Department of Public Safety a violation of law, to wit, that Grace Barber, R.N., was improperly executing prescriptions for children without authority to do so and that Dr. John Michael White was involved

in the improper execution of prescriptions for children. (C.R. 51-55, 86-87). Brian and Janel were deeply concerned that such unsupervised and improper execution of prescriptions posed serious health risks to the children at Happy Hill Farm's facilities. (C.R. 51-55, 86-87).

Brian reported these same issues to his supervisor, Susan Blair. (51-55). A few days after he reported these issues to Ms. Blair, Brian Dunn's employment was terminated by Happy Hill Farm. (C.R. 58-9, 61-63). As a result of removing Brian's income and benefits, the work environment was made so intolerable that Janel had no other alternative but to resign on June 9, 2008.[2] (C.R. 61-63).

Nurse Barber was given an official reprimand by the Texas Board of Nursing for this unlawful use of prescription pads, and was required to pay a fine and take remedial education classes. (C.R. 96).

Moseley reported certain violations of law about medical misconduct to the Department of Family and Protective Services regarding employees of Happy Hill Farm that she believed threatened the health and safety of the children Happy Hill Farm's facilities. (C.R. 93-4, 98). Moseley made this report on June 13, 2008. (C.R. 93-4, 98). On July 31, 2008, Happy Hill Farm terminated Moseley. (C.R. 51-55).

---

[2] Under section 161.134 of the Texas Health and Safety Code allow an employee who are retaliated against sue for constructive discharge. See *Emeritus Corp. v. Blanco*, 355 S.W.3d 270, 281 (Tex. App.—El Paso 2011, pet. denied).

The Dunn's and Moseley filed suit on October 24, 2008 and filed their First Amended Petition on October 27, 2008. (C.R. 16, 226).

**VI.**

**COURT OF APPEALS IMPROPERLY DISREGARDED THE AFFIDAVIT OF BRIAN DUNN**

In reviewing the evidence offered by Petitioners, the Court of Appeals incorrectly disregards the affidavit of an interested party that raises a fact issue: "[O]ther than unsupported assertions made in Brian's affidavit, there is no evidence in the record demonstrating that Happy Hill Farm operates as a mental-health or treatment facility." *Dunn v. Happy Hill Farm Academy*, ___ S.W.3d ___, ___ 2013 WL 4767528 * 4 (Tex. App.—Waco 2013, pet. filed). Dunn affidavit sets forth disputed facts not mere assertions.

On summary judgment, the movant bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

This Court reviews the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) "If [a party opposing summary

9

judgment] brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment cannot properly be granted." 288 S.W.3d at 424.

First, Brian's affidavit, even if uncorroborated and that of an interested party or witness, is sufficient to create a fact issue. *Trico Technologies Corp. v. Montiel*, 949 S.W.2d 308 (Tex. 1997); *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 302 (Tex. 1990); *Grynberg v. M-I L.L.C.*, 398 S.W.3d 864 (Tex. App. -- Corpus Christi 2012, pet. filed) *citing Longoria v. Texaco, Inc.*, 649 S.W.2d 332, 335-36 (Tex. App. -- Corpus Christi 1983, no writ); *see also Womack v. I&H Development Co.*, 433 S.W.2d 937, 940 (Tex. 1968)(uncorroborated affidavit may support or defeat summary judgment).

"Although insufficient to establish a right to judgment as a matter of law, testimony from an interested witness submitted as controverting evidence by a non-movant may raise a fact issue precluding summary judgment." *DeWoody v. Rippley*, 951 S.W.2d 935, 943 (Tex. App.—Fort Worth 1997, writ dism'd) citing TEX. R. CIV. P. 166a(c) and *McCord v. Avery*, 708 S.W.2d 954, 955 (Tex. App. -- Fort Worth, 1986, no writ): see also *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.–Texarkana, 2000, no pet.); *Tabor v. Medical Center Bank*, 534 S.W.2d 199, 201 (Tex. App.—Houston [14th Dist.] 1976, no writ).

"A person's position or job responsibilities can peculiarly qualify him to have personal knowledge of facts and establish how he learned of the facts." *First*

*Nat. Bank in Munday v. Lubbock Feeders, L.P.,* 183 S.W.3d 875, 881 (Tex. App. – El Paso 2006, pet. denied) *citing Boswell v. Farm & Home Sav. Ass'n*, 894 S.W.2d 761, 768 (Tex. App. -- Fort Worth 1994, writ denied).

Brian's affidavit is not conclusory. "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *S & I Mgmt., Inc. v. Sungju Choi,* 331 S.W.3d 849, 855-56 (Tex. App.--Dallas 2011, no pet.)

Even if the affidavit contains conclusory statements, an affidavit containing conclusory and subjective determinations of fact may be sufficient if the remaining statements contain sufficient factual information to sustain the a party's burden. *First Nat. Bank in Munday v. Lubbock Feeders, L.P*., 183 S.W.3d 875, 881 (Tex. App.—El Paso 2006, pet. denied) *citing Marshall v. Sackett*, 907 S.W.2d 925, 933 (Tex. App.-- Houston [1st Dist.] 1995, no writ); *General Prod. Co. v. Black Coral Invs.,* 715 S.W.2d 121, 123 (Tex. App. -- Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Brian's affidavit details his position, his responsibilities and details the mental health services he and other professionals provided as Happy Hill Farm. Brian was authorized to provide counseling under the supervision of a licensed social worker and provided such counseling at Happy Hill Farm. (C.R. 104-05). Brian, under the supervision of a licensed counselor, provided mental health services to children at Happy Hill Farm, (C.R. 104-05, 116-17, 204-05), provided counseling to students, (C.R. 104-05, 204-05), performed assessments, (C.R. 104-

05, 204-05), prepared treatment plan designs, (C.R. 104-05, 116-17, 204-05), performed progress evaluations. (C.R. 104-05, 204-05). provided individual therapy with students for issues including but not limited to: family issues; past maltreatment; chemical dependency for both past and present abuse of drugs and/or alcohol; positive coping skills; teaching life skills for anger management, communication skills, goal setting, positive coping and emotional regulation. (C.R. 104-05, 116-17, 204-05).

Brian's affidavit also details the counseling provided to students at Happy Hill Farm for chemical dependency for both past and present abuse of alcohol and/or drugs, as well as treatment plans and evaluations. (C.R. 104-06).

Assuming *arguendo* that Brian's statements in Brian's affidavit are not otherwise corroborated does not dilute their potency to defeat summary judgment under Texas practice.[3] *Trico Technologies Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997); *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 302 (Tex. 1990); *Grynberg v. M-I L.L.C.*, 398 S.W.3d 864, 875 (Tex. App. -- Corpus Christi 2012, pet. filed); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.– Texarkana, 2000, no pet.); *DeWoody v. Rippley*, 951 S.W.2d 935, 943 (Tex.

---

[3] While not required, Brian's affidavit is corroborated, at least in part, by Happy Hill Farm's own Handbook and the testimony of Happy Hill Farm executive Todd Shipman. (C.R. 84, 91-92, 95, 105, 116-17, 204-05); see also *Maxwell v. Willis*, 316 S.W.3d 680, 685 (Tex. App. 2010)(affidavit with subjective statements corroborated by other evidence properly considered on summary judgment).

App.—Fort Worth 1997, writ dism'd); *Longoria v. Texaco, Inc.*, 649 S.W.2d 332, 335-36 (Tex. App. -- Corpus Christi 1983, no writ); *Tabor v. Medical Center Bank*, 534 S.W.2d 199, 201 (Tex. App.—Houston [14th Dist.] 1976, no writ); *see also Womack v. I&H Development Co.*, 433 S.W.2d 937, 940 (Tex. 1968)(uncorroborated affidavit may support or defeat summary judgment).

When the affidavit of Brian is considered, there is some evidence that Happy Hill Farm was a mental health facility.

Accordingly, the Court should grant the Petition for Review regarding the Court of Appeals failure to give due weight in to the affidavit of Brian Dunn in weighing whether there was a question of fact regarding whether Happy Hill Farm met the definition of mental health facility.

## VII.

### THERE IS SOME EVIDENCE HAPPY HILL FARM MEETS THE DEFINITION OF MENTAL HEALTH FACILITY

There is some evidence that establishes that Happy Hill Farm is a mental health facility.

A mental health facility may not terminate an employee for reporting a violation of law to a law enforcement agency. TEX. HEALTH & SAFETY CODE § 161.134(a).

A mental health facility is an . . . outpatient mental health facility operated by the department, a federal agency, a political subdivision, or any person. TEX.

HEALTH & SAFETY CODE § 571.003(12). Any "person" encompasses a broad range of providers, including schools.

Chapter 571 of the Texas Health and Safety Code provides for the regulation of mental health facilities. Thus, the Court's opinion will now be used to thwart the attempts of the State of Texas to regulate schools that also qualify as mental health facilities.

The purpose of Chapter 571 is to provide each person with a severe mental illness access to humane care and treatment through a variety of methods, including facilitation treatment in an appropriate setting. TEX. HEALTH & SAFETY CODE § 571.002(1). The Texas Department of Mental Health and Mental Retardation is empowered to regulate the treatment of persons with mental illness and investigate complaints concerning mental health facilities. TEX. HEALTH & SAFETY CODE § 571.006.

Happy Hill Farm served troubled youth, had a counseling plan for each student, and had a staff that included a psychiatrist and psychologist. (C.R. 116-17). Happy Hill Farm conducted a mandatory initial evaluation and intake study for each child that included psychological testing and provided young people with special needs a structured program of professional counsel. (C.R. 116). Other children were provided regular sessions with Happy Hill Farm's "Consultant Psychologist, the Therapist, the Social Worker, the COO, the Academy Principal,

and the Directors of Living Units to assist them with family adjustments, personal problems, and interpersonal relationships." (C.R. 116).

Upon acceptance, Happy Hill Farm completed a diagnostic assessment for the needs of each child or young adult, resulting in an individual treatment plan, and the plan is periodically re-assessed for modification. (C.R. 116). Happy Hill Farm implemented these student plans by a qualified staff, consisting of therapists, teachers, and administration. (C.R. 116-17).

Happy Hill Farm had "staff, including a consulting psychiatrist, psychologist and a pediatrician, provide the Academy with complete evaluation and testing for each potential applicant to Happy Hill Farm Academy/Home. A program of follow-up is also part of the learning and counseling plan for each child." (C.R. 116).

When he was working for Happy Hill Farm, Brian was finishing his Master's Degree and was completing the requirements to become a licensed social worker. (C.R. 104-05, 202). Brian obtained a Masters Degree in Social Work from University of Texas at Arlington. (C.R. 202). Brian was authorized to provide counseling under the supervision of a licensed social worker and provided such counseling at Happy Hill Farm. (C.R. 104-05). Brian, under the supervision of a licensed counselor, provided outpatient mental health services to children at Happy Hill Farm. (C.R. 104-05, 116-17, 204-05). Brian provided counseling to students. (C.R. 104-05, 204-05). Brian performed assessments. (C.R. 104-05, 204-05). Brian

prepared treatment plan designs. (C.R. 104-05, 116-17, 204-05). Brian performed progress evaluations. (C.R. 104-05, 204-05). Brian provided individual therapy with students for issues including but not limited to: family issues; past maltreatment; chemical dependency for both past and present abuse of drugs and/or alcohol; positive coping skills; teaching life skills for anger management, communication skills, goal setting, positive coping and emotional regulation. (C.R. 104-05, 116-17, 204-05).

Happy Hill Farm represents in its handbook that each student has a counseling plan and mental health professionals are on its staff. (C.R. 116-17). Brian detailed the mental health care that was provided to Happy Hill Farm students. (C.R.104-05, 204-05). Other evidence corroborates Brian's sworn statements. (C.R. 84, 91-92, 95, 116-17).

Thus, there is clearly more than a scintilla of evidence that Happy Hill Farm was an outpatient mental health facility operated by any person, to wit, Happy Hill Farm. TEX. HEALTH & SAFETY CODE § 571.003.

Allowing the Court of Appeals opinion to stand regarding the definition of "mental health facility" will serve as precedent to greatly narrow the regulatory authority of the State of Texas over mental health facilities.

Accordingly, the Court should grant the petition for review, hold there is some evidence that Happy Hill Farm is a mental health facility as defined by

section 571.003(12), and reverse the summary judgment on the claims brought under Chapter 161.

## VIII.

## CONCLUSION AND PRAYER

The Court of Appeals' opinion, which has now apparently designated for publication, improperly disregards the competent affidavit of a party when considering a motion for summary judgment. The Court should grant the petition to address the conflict with this and other Courts' opinions on the issue at hand.

The affidavit in question, as well as other evidence ignored by the Court of Appeals at least creates a question of fact regarding whether Happy Hill Farm is a mental health facility.

Because the issue presented is narrow, this case is ripe for per curiam disposition.

Petitioners pray that the Court grant its Petition for Review, reverse summary judgment on their claims brought under Chapter 161 of the Texas Health and Safety Code, hold that there is some evidence that Happy Hill Farm was a mental health facility, and remand the case for trial.

/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No. 00784999

LAW OFFICES OF JASON SMITH

17

600 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880 telephone
(817) 334-0898 telecopier
Email: jasons@letsgotocourt.com

ATTORNEYS FOR PETITIONERS
LEISEL MOSELEY, BRIAN DUNN,
AND JANEL DUNN

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), the undersigned certifies that a copy of the foregoing document contains 3,059 words as per the computer program used to draft this document.

/s/ JASON C.N. SMITH
JASON C.N. SMITH

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record of all parties to the above cause in accordance with the Texas Rules of Appellate Procedure, on this the 23rd day of October, 2015.

B. Prater Monning, II       *(via CMRRR 7014 1820 0001 6762 1358)*
Wynne & Wynne
137 W. James Street
Wills Point, Texas 75169

/s/ JASON C.N. SMITH
JASON C.N. SMITH